UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,
    Plaintiff,

  v.                                      CIVIL ACTION NO.
                                              17-11633-DJC

NAVELLIER & ASSOCIATES, INC.
and LOUIS NAVELLIER,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO PREVENT RULE**
**30(b)(6) DEPOSITION (DOCKET ENTRY # 78); MOTION FOR**
**PROTECTIVE ORDER AND TO QUASH DEFENDANTS' RULE**
**30(b)(6) DEPOSITION SUBPOENAS AND DOCUMENT**
**REQUESTS TO UNRELATED THIRD PARTIES**
**(DOCKET ENTRY # 87)**

**February 19, 2019**

**BOWLER, U.S.M.J.**

    Pending before this court are two motions filed by plaintiff Securities and Exchange Commission ("SEC") objecting to its own Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6)") deposition and to Rule 30(b)(6) depositions of three, nonparty, financial advisory firms ("the firms"). (Docket Entry ## 78, 87). Defendants Navellier & Associates, Inc. and Louis Navellier ("defendants") noticed the depositions in an effort to obtain testimony and documents to support their selective enforcement defense.[1] After conducting a

---

[1] To a far lesser degree, defendants seek discovery from the "third parties to defend against the SEC's claim that the Navellier Defendants allegedly were negligent under[,] 15 U.S.C. Section 80b-206(2)." (Docket Entry # 107, p. 12) (internal

hearing on February 11, 2019, this court took the motions (Docket Entry ## 78, 87) under advisement.

The Rule 30(b)(6) deposition notice to the SEC designates 15 topics for examination. The Rule 30(b)(6) deposition notices to the firms uniformly designate the same five topics for examination and the same five categories of documents for the deponents to bring to the deposition. Familiarity with the record and the arguments is presumed.

I. SEC's Rule 30(b)(6) Deposition (Docket Entry # 78)

In June 2018, the court deemed the "selective *enforcement* defense" brought in an amended answer sufficient to withstand a futility argument by the SEC. (Docket Entry # 63) (emphasis added) (citing Lozman v. City of Riviera Beach, 39 F. Supp. 3d 1392, 1411 (S.D. Fla. 2014)). Adhering to the defense as framed by the court and by defendants in the amended answer, the SEC's attempt to recharacterize the defense is not convincing.

In addition to other arguments, including that the topics intrude upon the SEC's deliberative process, attorney client, and work product privileges, the SEC maintains that the 15 topics do not comply with Rule 30(b)(6)'s requirement "to describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "If the noticing party does not describe the topics with sufficient particularity or if the topics are overly

---

brackets omitted).

broad, the responding party is subject to an impossible task."
Trustees of Bos. Univ. v. Everlight Elecs. Co., Civil Action No.
12-11935-PBS, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014).

The SEC also argues that the requested discovery is not proportional to the needs of this case and the burden of the proposed discovery outweighs the benefits under Fed. R. Civ. P. 26(b)(1) ("Rule 26(b)(1)"). (Docket Entry # 78-1). Rules 26(b)(1) and 26(b)(2)(C)(iii) operate to limit the scope of discovery sought under Rule 30(b)(6). Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C)(iii). In particular, Rule 26(b) "permits a court to limit" discovery as not proportional to "'the needs of the case'" in light of, inter alia, "'the importance of the discovery' to the issues." E.E.O.C. v. Texas Roadhouse, Inc., Civil Action No. 11-11732-DJC, 2014 WL 4471521, at *2 (D. Mass. Sept. 9, 2014) (quoting Rule 26(b) in context of examining Rule 30(b)(6) topics) (interpreting pre-2015 version of Rule 26(b)(2) prior to 2015 amendment, which moved proportionality considerations from Rule 26(b)(2)(C)(iii) to current Rule 26(b)(1)).

Here, for reasons stated by the SEC (Docket Entry # 78-1, pp. 3, 8-9), all of the 15 topics except for topics eight to 13 are not proportional within the meaning of Rule 26(b)(1). The most egregious example is topic one, which asks the government to designate one or more persons to testify about the SEC's investigations of 137 separate entities. Topic two, which seeks

3

a knowledgeable deponent to testify about the reasons why the SEC brought enforcement actions against 21 separate entities, is likewise overbroad.  The 18 separate entities listed in topics three and four as well as the 107 separate entities listed in topic five render the topics overbroad and the discovery sought not proportional under Rule 26(b)(2).  Topics six and seven lack any temporal limitation and the language "in connection with AlphaSector matters" is overly broad in this context as well as in the context of topic 14, which broadly applies to "other firms."  Finally, the language in topic 15 is untethered in time and otherwise far-reaching thereby rendering the testimony beyond the proportional needs of this case.

   Upon review of the filings, defendants make the requisite showing as to topics eight to 13 *only* and may move forward on the Rule 30(b)(6) deposition as to these topics.  Defendants "are permitted to learn the facts" underlying their selective enforcement defense and the SEC's "[c]ounsel may protect against the disclosure of work product or privileged information in [a] 30(b)(6) deposition[] by interposing appropriate objections and giving instructions on a question-by-question basis."  S.E.C. v. Merkin, 283 F.R.D. 689, 698 (S.D. Fla. 2012); see S.E.C. v. Kramer, 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011) ("need for protection usually cannot be determined before the examination begins, and a motion can be made if any need for protection

emerges during" examination such as "when the inquiry . . . encroaches upon the recognized domains of [a] privilege"). The SEC may therefore lodge objections and give instructions to the deponent as to work product and other privileged matters at the deposition. In the unlikely event the foregoing discovery implicates ACA Compliance Group matters that are the subject of an appeal, the resisting party may seek a stay of such discovery.

II. Third Parties' Rule 30(b)(6) Depositions (Docket Entry # 87)

Defendants initially submit the SEC lacks standing to challenge the third-party subpoenas. (Docket Entry ## 107, 127). The SEC disagrees. (Docket Entry # 110-1).

It is well established that a party, such as the SEC, "has standing to quash a subpoena served on a non-party" in the event "it has a personal right or privilege with respect to the requested information." Bingham v. Supervalu Inc., Civil Action No. 13-11690-IT, 2014 WL 12792989, at *3 (D. Mass. July 11, 2014). "The personal right or privilege claimed need not be weighty: parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoena to a third party." Degrandis v. Children's Hosp. Bos., 203 F. Supp. 3d 193, 198 (D. Mass. 2016) (emphasis in original). As a party, the SEC may also "move for a protective order," as it does here, "'regardless of whether it is seeking to prevent disclosure of information by a nonparty, as long as the

5

moving party [the SEC] can tie the protected information to an interest listed in the rule, such as annoyance, embarrassment, etc.'" Id., at *10 (citation omitted).

Even assuming that the SEC does not have a sufficient interest, Rule 26(b)(2)(C)(iii) allows the court sua sponte "to limit the frequency or extent of discovery otherwise allowed . . . if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Green v. Cosby, Case No. 3:14-CV-30211-MGM, 2017 WL 1377593, at *2 (D. Mass. Apr. 11, 2017). The latter rule permits discovery that is relevant "and proportional to the needs of the case, considering the importance of the issues at stake" and other enumerated matters. Fed. R. Civ. P. 26(b)(1). As reasoned in Green and Accusoft, "[b]ecause the Court could effect" sua sponte the relief that the SEC, as a party, requests, "the Court is not precluded from reaching the same result merely because [the party]," i.e., the SEC, "ha[s] taken the initiative." Accusoft Corp. v. Quest Diagnostics, Inc., Civil Action No. 12-40007-FDS, 2012 WL 1358662, at *11 (D. Mass. Apr. 18, 2012); accord Green v. Cosby, 2017 WL 1377593, at *2 (bypassing issue of party's standing to challenge deposition subpoena duces tecum to nonparty because, "[i]f the court could effect the relief Plaintiffs seek sua sponte, the court is not precluded from reaching the same result merely because Plaintiffs have taken the initiative") (citing Accusoft, at *11). Indeed,

6

the advisory committee's note to the 2015 amendment to Rule 26(b) is replete with comments explaining that the court may sua sponte consider proportionality.  Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (court has a "responsibility to consider the proportionality of *all* discovery and consider it in resolving discovery disputes") (court "must limit the frequency or extent of proposed discovery, on motion or *on its own*, if it is outside the scope permitted by Rule 26(b)(1)") (emphasis added).  Accordingly, this court may consider the proportionality requirements in Rule 26(b)(1) as a means to limit the discovery defendants seek from the non-parties pursuant to Rule 26(b)(2)(C)(iii), which incorporates the parameters of Rule 26(b)(1).  See Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment; Green v. Cosby, 2017 WL 1377593, at *2; (Docket Entry # 110-1, p. 3) (giving defendants notice of this authority thereby allowing them opportunity to challenge).

Examining the Rule 30(b)(6) topics and the subpoena duces tecum categories of documents, topic three and document category three concern settlement discussions or negotiations.  Based on the SEC's representation that it "neither settled with nor sued these [deponents]" (Docket Entry # 88, p. 7), the matters in topic three and the documents in category three are not proportional to the needs of the case given the relatively low importance of the discovery in resolving the issues.  See Fed. R.

Civ. P. 26(b)(1), 26(b)(2)(C)(iii). The lack of proportionality of the broad and all-encompassing testimony sought in topic one is evidenced by the language, which requires a deponent's familiarity with "discussions" between the SEC and the deponent, his firm, or any employee at his firm "regarding" the subpoenaed firm's or its employees' use, marketing, "or involvement in your client's use of" strategies or "derivatives" of strategies "provided by other investment advisory firms" during a six-year time period. (Docket Entry # 88-1).

Document category two is overbroad and not proportional to the needs of this case because it contains no temporal limitation and it seeks "documents that refer or relate to any negotiations or discussions between you" or "your firm and the SEC regarding possible SEC enforcement . . . in connection with AlphaSector strategies or marketing . . . that were distributed or marketed by your firm" or "appeared on your website or any of your firm's platforms." (Docket Entry # 88-1). The broad testimony sought in topic two, which extends to the subpoenaed firm's clients' management of client assets using AlphaSector strategies over a six-year time period, lacks proportionality to the needs of the case. Without any temporal limitation, topic four lacks proportionality because it seeks a knowledgeable deponent to testify about "[a]ll persons" at the subpoenaed firm "who were involved in review of any AlphaSector" marketing materials made

available to all clients or distributed to potential clients "and what each such person did in connection with such reviews." (Docket Entry # 88-1).  Document category four is overbroad and lacks proportionality because it seeks all marketing materials and documents used by all "employees or any investment advisory firm on any of your platforms . . . promoting AlphaSector strategy" during a six-year time period.  (Docket Entry # 88-1).

Topic five lacks proportionality because it encompasses "*any* AlphaSector based index performance records for the period 2001 to 2008."  (Docket Entry # 88-1) (emphasis added).  The overbreadth and lack of proportionality of the documents sought in document category five is readily apparent because it requests "'wrap fee'" or "'dual contract' agreements with you" and virtually *any* "investment advisory firm" that provides "*any* F Squared based AlphaSector investment strategy to your clients" during a six-year time period.  (Docket Entry # 88-1) (emphasis added).  Document category one is outside the scope of discovery in Rule 26(b)(1), which expressly permits "discovery regarding any nonprivileged matter," because it requests "[a]ll documents" the subpoenaed firm withheld from the SEC regarding its investigation of F Squared Investments, Inc. "on grounds of attorney-client privilege or attorney work product."  (Docket Entry # 88-1).  The portion of document category one that seeks documents "produced" by the firms to the SEC (Docket Entry # 88-

9

1) can be obtained from a more convenient source within the meaning of Rule 26(b)(2)(C)(ii), namely, the SEC.[2]

In light of the deficiencies of the five topics and the five documents categories, it is not necessary to address the SEC's remaining arguments.

## CONCLUSION

In accordance with the foregoing discussion, the motion for a protective order as to the SEC's Rule 30(b)(6) deposition (Docket Entry # 78) is **DENIED** as to topics eight to 13 and otherwise **ALLOWED**. The motion for a protective order and to quash the third-party Rule 30(b)(6) deposition subpoenas and document requests (Docket Entry # 87) is **ALLOWED**.

      /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[2] Defendants are not foreclosed from modifying discovery requests to cure deficiencies within the time frame of fact discovery. Counsel are also reminded to conduct LR. 7.1(a)(2) discovery conferences for all motions and to do so in good faith in an effort to resolve the issues.