UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>NAVELLIER & ASSOCIATES, INC. and<br>LOUIS NAVELLIER,<br>    Defendants. | Case No. 17-cv-11633-DJC |

**JOINT STATEMENT ADDRESSING CASE SCHEDULING AND REMEDIES**

Pursuant to the Court's February 13, 2020 Order (ECF # 253), the parties submit this joint statement proposing a case schedule for the remainder of the case and discussing remedies.

**PROPOSED CASE SCHEDULE**

**Commission's Statement**

The Commission wishes to proceed to the remedies phase concerning Counts I and II of the Complaint through the entry of a partial final judgment. There is no just reason for delay of final judgment on these counts, so partial final judgment can be entered pursuant to Fed. R. Civ. P. 54(b).

As to the remaining counts, Count III is an "in the alternative" count obviated by the Court's ruling on Counts I and II. The false and misleading advertisements covered by Count IV are largely addressed by Court's summary judgment ruling. Thus, Commission counsel will seek authorization from the Commission not to proceed to trial on Counts III and IV, as a Commission vote is necessary to withdraw or lay to the side any charges previously authorized by the Commission. Commission counsel requests 6 weeks to request this authorization.

Defendants, as detailed below, object to the consideration of remedies at this time, despite their wish to appeal the Court's judgment. The Commission does not know how Defendants will seek to appeal the Court's ruling if it is not a final judgment with remedies attached. The Commission believes a determination of remedies is necessary to an entry of final judgment before appeal.

**Defendants' Statement**

Defendants will be filing a motion for reconsideration/Rule 59 new trial motion within 28 days of the Court's February 13, 2020 Order. Defendants may, in the alternative, seek direct immediate appellate review depending, in part, on what the SEC does about dismissing Counts 3 and 4. The motions will be based on the Court's manifest errors in granting summary judgment in favor of the SEC as to Counts 1 and 2, including, but not limited to:

1. The fact that there was no proof by the SEC that the subject statements- "strategies based on live assets" and "not back tested" were false;
2. The Court improperly weighed the evidence (there was no evidence) that Louis Navellier individually violated §206(1) or §206(2);
3. The Court improperly weighed material disputes in the evidence as to whether NAI acted with scienter i.e., knowledge of "falsity" or with intent to defraud clients or potential clients, and whether the subject statements were material; and
4. The Court improperly weighed the disputed evidence regarding selective enforcement as to the issue of the improper purpose (punishment) in enforcing against both Defendants.

As to the two remaining Counts, Defendants believe the two claims should be dismissed with prejudice. If not, then a jury trial on the remaining claims will be held.

Defendants believe the summary judgment order should be reconsidered and vacated and all four counts tried in one trial (unless the Court reconsiders and reverses its selective enforcement decision and dismisses all four of the SEC's claims per the selective enforcement defense). Or, if the Court does not vacate its order and the Court of Appeal does not vacate the

decision, then trial of Counts Three and Four should be scheduled for a date three (3) months after the Court of Appeal decision.

**Joint Statement**

If the Court permits the parties to proceed to a determination of remedies, the parties have agreed to the following briefing schedule, giving each side four weeks to submit a remedies brief:

| | |
|---|---|
| Commission submits remedies brief and proposed Partial Final Judgment | March 25, 2020 |
| Defendants submit remedies brief | April 22, 2020 |
| Commission submits reply, if necessary | April 29, 2020 |

### REMEDIES

**Commission's Statement**

The Commission seeks the following remedies:

1. Permanently enjoin and restrain Defendants from further direct or indirect violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1) and -6(2)], pursuant to Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)];

2. Order that Defendants jointly and severally pay disgorgement of $22,450,952 (plus prejudgment interest), representing:

    a. the amount received from the sale of NAI's Vireo line of business to F-Squared ($14 million); and

    b. the amount of advisory fees obtained by Defendants through their fraudulently conducted Vireo line of business from August 2011 through the sale of that business in 2014 net of fees paid by NAI to F-Squared ($8,450,952).

3. Order that Defendants each pay civil penalties up to the gross amount of their pecuniary gain, in accordance with Section 209(e) of the Advisors Act [15 U.S.C. § 80b-9(e)].

An agreed-to briefing schedule for the determination of remedies is above. In the alternative, the Commission would be happy to present its calculation of disgorgement, and its arguments on injunctions and penalties at a hearing with the Court.

**Defendants' Statement**

Defendants believe it is premature and a waste of time, monies and judicial resources to consider remedies before this Court and/or the First Circuit decides the summary judgment order (and before resolution of Counts Three and Four). If the order is vacated or the Court of Appeal reverses, then there would be no remedies if the verdict is in Defendants favor.

If "Remedies" are considered before reconsideration and or appeal, if Plaintiff is entitled to any remedies (it is not) the Defendants believe that the SEC has conceded that the monetary "remedies" would, at most, be $315,000. Defendants request oral argument on any "remedies" request.

Dated: February 27, 2020

Respectfully submitted,

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** | **NAVELLIER AND ASSOCS. and LOUIS NAVELLIER** |
| By its Attorneys, | By their Attorneys, |
| /s/ ___Marc J. Jones_____ <br> Marc J. Jones (Mass. Bar #645910) <br> Jennifer A. Cardello (Mass Bar No. 657253) <br> William J. Donahue (Mass. Bar No. 631229) | /s/   Samuel Kornhauser_____ <br> Samuel Kornhauser |
| Boston Regional Office <br> 33 Arch Street <br> Boston, MA  02110 <br> (617) 573-8947 (Jones direct) <br> (617) 573-4590 (fax) <br> JonesMarc@sec.gov | Law Offices of Samuel Kornhauser <br> 155 Jackson Street, Suite 1807 <br> San Francisco, CA <br> (415) 981-6281 <br> skornhauser@earthlink.net |

## CERTIFICATE OF SERVICE

      I certify that on February 27, 2020, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

Dated: February 27, 2020                          /s/ Marc J. Jones