# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br>   v.<br><br>NAVELLIER & ASSOCIATES, INC., and LOUIS NAVELLIER,<br><br>             Defendants. | Civil Action No. 17-cv-11633 |

### DEFENDANTS' REQUEST FOR LEAVE TO FILE REPLY TO COMMISSION'S OPPOSITION (DKT#265) TO DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING PARTIAL SUMMARY JUDGMENT (DKT#259)

Defendants hereby move for leave to file a reply brief to respond to and point out to the Court the mischaracterizations and misleading arguments made by the SEC in an attempt to mislead this Court into not reconsidering and correcting its legally and factually erroneous partial summary judgment order. For example, the SEC totally misconstrues and misleads this Court regarding the holding in the *Lululemon* case and the cases cited by the Defendants for the clear requirement that should sustain a fraud claim. The SEC must prove the statement is *false*. Likewise, the SEC misleads the Court as to the basis for its own motion for partial summary judgment, which was two (2) alleged false statements- not "omissions" (there were none). The SEC does not and cannot fairly refute the manifest errors, in the Court's February 13th,

2020 Order- including the fact that there was no evidence, let alone undisputed evidence, to support the Court's erroneous assumption that the "live traded" and "not backtested" statements in marketing materials were "false". The only evidence in the record was that those were true statements. Likewise, contrary to the SEC's misleading argument, it was manifest error for the Court to weigh and resolve the disputed evidence regarding scienter (knowledge, intent, materiality). The SEC makes additional misleading and unfounded arguments which Defendants request leave to address in a reply.

Defendants request an opportunity to file a reply to alert the Court and correct the SEC's making misleading and non-factual opposition arguments which do not address the merits of the motion for reconsideration.

This is an extremely serious matter. The SEC is using the Court's erroneous summary judgment order to seek over twenty-eight million dollars in "disgorgement". In fairness, and in order to avoid the manifest injustice of an erroneous termination order (which would put Defendants out of business), Defendants request an opportunity to fully apprise the Court of the SEC incorrect and misleading opposition argument so that the motion for reconsideration (and summary judgment order) can be fairly decided on the merits. Defendants request five (5) court days i.e., to April 2, 2020 to file their reply.

Defendants also request oral arguments (via Court Call if necessary) to hear this extremely important matter.

                                                                  Respectfully Submitted

Dated: March 26, 2020  By:

                                                                  */s/SamueLKornhauser*

Samuel Kornhauser
Law Offices of Samuel Kornhauser
155 Jackson Street, Suite 1807
San Francisco, CA
(415) 981-6281
skornhauser@earthlink.net

BROOKS & DeRENSIS

111 Devonshire Street, Suite 800

Boston, MA 02109
(857) 259-5200
sbrooks@bdboston.com

Attorneys for Defendants

## LOCAL RULE 7.1 CERTIFICATION

I certify that I contacted counsel for the SEC on March 26, 2020 to ascertain if Plaintiff would assent to the filing of a reply memorandum and left a message requesting the same, but I have not heard back from Plaintiff's counsel.

Dated:  March 26, 2020                                                 By:  */s/ Samuel Kornhauser*
                                                                                          Samuel Kornhauser

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this day of March 26, 2020.

By: */s/ Dan Cowan*
Dan Cowan