UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NAVELLIER & ASSOCIATES, INC. and LOUIS NAVELLIER,<br><br>Defendants | Civil Action No. 17-cv-11633 |

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT (DKT#281)**

Defendants request leave to file a Sur-Reply to Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for Entry of Final Judgment. (DKT#281) A sur-reply is required because Plaintiff, in its Reply, has mischaracterized the evidence, the law and the disgorgement calculation, if any, that might be legally allowable, and prejudgment interest, if any, that might be allowable.

For example, no disgorgement is authorized by law for "violation" of 206(1) and 206(2) of the Investment Advisers Act, particularly where there have been no ill-gotten gains and no harm to the investors and no return (restitution) by the SEC of the requested "disgorgement" to

1

the investors. The SEC refuses to acknowledge that whether disgorgement is an authorized remedy is pending in the United States Supreme Court. (*Liu v. Securities and Exchange Commission* 140 S. Ct. 451 (2019)) The SEC is seeking $22,450,952 in "disgorgement" in its Motion for Entry of Final Judgment. This Court should await the Supreme Court's decision on whether it even has authority to grant "disgorgement" before ruling on the SEC's motion. *Momenta Pharmaceuticals v. Amphastar* 323 F Supp. 3d 142, 147 (D. Mass. 2018); *Marshel v. AFW Fabric Corp* 552 F2d. 471, 482 (2nd Cir. 1977); *Bechtel Corp. v. Local 215 Laborers Intn'l Union* 544 F2d. 1207, 1215 (3rd Cir. 1976); *Beydoun v. Holder* 2015 WL 631948 at *3-4 (E.D. Mich. Feb 13, 2015)

Second, the SEC's calculation of disgorgement is completely inaccurate and grossly overstated. The SEC refuses to acknowledge its own admissions and the fact that in its calculation of "disgorged" advisory fees, is limited to disgorgement of fees obtained from only clients who invested in Vireo Allocator and Vireo Premium strategies and who became clients for those two strategies between August 10, 2011 and September 14, 2012, i.e., the clients who received the marketing materials containing the allegedly "false" statements. The maximum amount of "disgorgement" of fees from those clients is $228,856.

Likewise, the SEC's reply memorandum misleads as to the law and refuses to acknowledge that its calculation of "disgorgement" for the $14 million sale is not legally allowable (*Kokesh v. SEC* 137 S. Ct. 1635, 1644 (2017)) and is not causally connected to the alleged violation (*SEC v.* MacDonald 699 F2d. 47, 54) or that even if some part of the goodwill were disgorgeable, the amount could only be of the portion causally connected to the violation, i.e., the percentage of goodwill that represented clients that were "misled" by the "false" marketing materials, which would, at most, be 3.28% of the $14 million, i.e., $459,356.

Defendants also request leave to file a short sur-reply to notify the Court that they are moving to stay any decision by this Court on remedies and/or final judgment pending the United States Supreme Court's decision in *Liu v. Securities and Exchange Commission* 140 S. Ct. 451 (2019). See *Marshel v. AFW Fabric Corp.* 552 F2d. 471, 472 (2d Cir. 1977) and because this Court lacks jurisdiction to rule on the SEC's Motion for Entry of Final Judgment due to the pending appeal of this case in the First Circuit [*SEC v. Louis Navellier* No. 20-1437] *United States v. George* 841 F3d 55, 71-72 (1st Cir. 2016) [once notice of appeal is filed, district court is divested of jurisdiction to enter forfeiture order]; *Griggs v. Provident Consumer Discount Co.* 459 U.S. 56, 58 (1982)

Defendants' counsel met and conferred with Plaintiff's counsel by telephone to obtain non opposition to Defendants' request for leave to file a sur-reply but could not reach such agreement. Nor would the SEC's counsel agree to the SEC not opposing Defendants' proposed request for stay on this Court's ruling on the SEC's Motion for Entry of Final Judgment.

Respectfully submitted,

DATED: April 29, 2020          LAW OFFICES OF SAMUEL KORNHAUSER

By:/s/ Samuel Kornhauser

Samuel Kornhauser, Esq.

CA Bar No. 83528

Law Offices of Samuel Kornhauser

155 Jackson Street, Suite 1807

San Francisco, California, 94111

Telephone: (415) 981-6281

Email: skornhauser@earthlink.net

Attorneys for Defendants

BROOKS & DeRENSIS

111 Devonshire Street, Suite 800

Boston, MA 02109

Telephone: (857) 259-5200

Email: sbrooks@bdboston.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1, the undersigned met and conferred on April 29, 2020 with Plaintiff's counsel by telephone to request a stipulation or a non-opposition regarding Defendants' request to file a sur reply brief and request to stay ruling on Plaintiff's Motion for Entry of Final Judgment. In good faith, counsel were unable to resolve these issues.

DATED: April 29, 2020        LAW OFFICES OF SAMUEL KORNHAUSER

                                   By:   /s/ Samuel Kornhauser
                                        Samuel Kornhauser, Esq.
                                        Bar No. 83528
                                        Law Offices of Samuel Kornhauser
                                        155 Jackson Street, Suite 1807
                                        San Francisco, California, 94111
                                        Telephone: (415) 981-6281
                                        Email: skornhauser@earthlink.net
                                        Attorney for Defendants

## CERTIFICATE OF SERVICE

I certify that on April 29, 2020, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.


Dated: April 29, 2020                                        /s/ Dan Cowan
                                                                          Dan Cowan