UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 17-cv-11633 |
| Plaintiff, | |
| v. | |
| NAVELLIER & ASSOCIATES, INC. and LOUIS NAVELLIER, | |
| Defendants | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO STAY PROCEEDINGS IN THIS CASE**

On April 13, 2020 Defendants filed an appeal (DKT#273) from this Court's orders granting partial summary judgment (DKT#252), denial of reconsideration/ new trial (DKT#270) and dismissal of Counts three and four (DKT#266)

**I.      A STAY IS REQUIRED DUE TO THE PENDING APPEAL**

The filing of the appeal in this case divested this Court of jurisdiction to issue any further substantive rulings including, but not limited to, ruling on Plaintiff's Motion For Entry of Final Judgment. *United States v. George* 841 F3d. 55, 71-72 (1st Cir. 2016); *Griggs v. Provident Consumer Discount Co.* 459 U.S. 56, 58 (1982)

Plaintiff's may argue that the pending appeal does not divest this Court of jurisdiction because this Court's orders granting partial summary judgment, denying reconsideration/ new trial and dismissing with prejudice Counts Three and Four are not a final judgment because they only disposed of liability and did not rule on remedies if any, so the judgments are not "final." That is incorrect. In *Mills v. Electric Auto-Lite Company* 396 U.S. 375, 379 n.3 (1970) the district court entered a partial summary judgment ruling on liability alone- that defendant violated §14(a) of the Securities Exchange Act of 1934- but the court did not rule on the plaintiff shareholders' damages, if any. The defendants appealed to the Seventh Circuit and eventually the Supreme Court ruled on the merits of the appeal, even though the district court had yet to rule on damages.

In *United States v. George* 841 F3d. 55, 71-72 (1st Cir. 2016) this Court issued a judgment but reserved the issue whether to order forfeiture, and if so, in what amount. The defendant filed a notice of appeal. After the notice of appeal was filed, the Court held a hearing on forfeiture and amended the judgment to add $1,382,214 in forfeiture. The Court of Appeals vacated the forfeiture award because once the notice of appeal was filed, the trial court had no jurisdiction to hear or order forfeiture *Id* at 72:

> Here there was no forfeiture order included in the original judgment, merely an allusion to the possibility that forfeiture might be ordered…
> and took no position as to whether forfeiture would be ordered at all. Under these circumstances, the pendency of the appeal deprived the court of jurisdiction to issue its amended judgment [awarding forfeiture].

Here the appeal likewise deprives this Court of jurisdiction to rule on, or issue any order or judgment as to, disgorgement or other remedies the SEC seeks. This Court should stay issuing any such orders pending the decision by the First Circuit on the appeal.

## II.   THIS COURT SHOULD ALSO STAY ANY FURTHER DECISION REGARDING DISGORGEMENT PENDING A DECISION BY THE UNITED STATES SUPREME COURT IN THE *LIU V. SEC* CASE

This Court should stay any proceeding or decision regarding the SEC's "remedies" claims (including) disgorgement until the United States Supreme Court rules in the *Liu v. Securities and Exchange Commission* 140 S. Ct. 451 (2019) case. The SEC is seeking $28,964,571 in this case for "disgorgement" (and prejudgment interest) of advisory fees and goodwill legitimately earned from NAI clients and its own goodwill which penalty disgorgement and prejudgment interest the SEC has no authority to seek and which, as a matter of law, this Court has no authority to award. The Supreme Court currently has before it for determination the question of whether the SEC can obtain disgorgement as a remedy for violation of the securities laws. *Liu v. Securities and Exchange Commission* 140 S. Ct. 451 (2019); *Liu v. SEC* 2019 WL 2354737 (May 31, 2019)

Since the issue of whether a district court can even award disgorgement and prejudgment interest thereon, is pending before Supreme Court which is the very issue before this Court, this Court should stay any ruling or proceeding until the Supreme Court rules on this vital predicate issue. It makes no sense to rule on a $28 million "disgorgement" claim, (which at most is a $228,856 claim) without first knowing whether "disgorgement" is even an authorized remedy rather than an unauthorized penalty. *Kokesh v. SEC* 137 S. Ct. 1635, 1644 (2017)

Where, as here, a higher court in another case is deciding an issue that is a central issue in a pending case, it is prudent to stay deciding the issue until a decision is made by the higher court. *Marshel v. AFW Fabric Corp.* 552 F2d. 471, 472 (2nd Cir. 1977); *Bechtel Corp. v. Local 215 Laborer's Intn'l Union* 544 F2d 1207, 1215 (3rd Cir. 1976); *Beydoun v. Holder* 2015 WL

631948 at *3-4 (E.D. Mich., Feb. 13, 2015); *Momenta Pharmaceuticals v. Amphastar* 323 F. Supp. 3d. 142, 147 (D. Mass. 2018)

In *Marshel* the Second Circuit directed the district court to stay its decision on whether to award damages to plaintiffs for defendants' Rule 10b-5 securities law violations pending the United States Supreme Court's resolution of the issue in another pending case. ["The case is remanded to the district court with instruction… to stay further proceeding pending the decision of the Supreme Court of the United States in *Green v. Santa Fe Industries Inc.*"]

Accord *Bechtel Corp. v. Local 215 Laborers Intn'l Union* supra 544 F2d. at 1215; *Beydoun v. Holder* supra 2015 WL 631948 at *3-4.

In *Momenta* supra 323 F. Supp. 3d. at 147 another session of this Court deferred proceeding on a motion to enforce a bond because the Federal Circuit Court decision on appeal might, however slight, possibly reverse the underlying decision upon which the issuance of the bond was based and therefore the court deferred (stayed) enforcement pending the appellate court decision.

Here, too, this Court should stay any further proceeding, including determination of the SEC's motion until the Supreme Court rules in *Liu v. SEC* on the issue of whether disgorgement is an authorized remedy. This Court should also stay such proceedings until the First Circuit renders its decision on the appeal in this case to determine whether summary judgment was properly granted, since reversal would eliminate any arguable claim the SEC makes for remedies.

### III.    THE CRITERIA FOR A STAY HAVE BEEN SATISFIED

Even if this Court has jurisdiction to rule on the SEC's Motion For Entry of Final

Judgment, it should exercise its discretion to stay any further proceedings since the traditional

four criteria for a stay pending appeal are satisfied here. *Nhen v. Holder* 556 U.S. 418, 425-426

(2009)


#### A.  Strong Showing Of Likelihood Of Success On Appeal

There is a strong likelihood Defendants will succeed on their appeal of this Court's grant

of summary judgment. There was no evidence that the supposedly false statements that the Index

was based on another wealth manager's live traded strategy going back to 2001 and that the

Index was not back tested were in fact false. (DKT#221-1 thru 221-7) The SEC presented no

evidence to prove the statements were false. Defendants presented evidence from Jay Morton

and Corey Hoffstein and Howard Present (DKT#224-1, pp. 190-191; DKT#236-7, pp. 170-179;

DKT#236-7, pp. 190-203) and from NASDAQ OMX (DKT#224-1, pp. 201-2) that the

statements were true.

There were also material, disputed issues of fact that neither defendant acted with

scienter, i.e., they had no knowledge the statements were "false," nor did they have any intent to

defraud their clients (DKT#224-4, pp. 543-544), nor were they extremely reckless in relying on

the NASDAQ OMX letter (DKT#224-1, pp. 201-202). See Defendant's Memorandum

(DKT#259) and proposed reply Memorandum (DKT#269) in Support of Reconsideration.

Nor, in the context of the entire marketing brochure, were the statements about ten-year-

old hypothetical performance material misstatements in light of NAI's actual performance for the

prior two years and F-Squared's actual Index performance from 2008. (DKT#224-3 p. 232;

DKT#224-6, pp. 199-200) Those disputed issues of material fact render the Court's summary

judgment reversible error *Noonan v. Staples Inc.* 556 F3d. 20, 25 (1st Cir. 2009); *Apponte-*

*Santiago v. Lopez- Revere* 957 F2d. 40, 41 (1st Cir. 1992); *Santiago-Ramos v. Centennial P.R.*

*Wireless Corp.* 217 F3d. 46, 57 (1st Cir. 2000) and create a strong likelihood of success on

appeal.


### B.  Defendants Will Be Irreparably Harmed Absent A Stay

The SEC is seeking $28 million in disgorgement and prejudgment interest without any

legal or factual authority. Disgorgement is a penalty, not a remedy, and therefore the SEC has no

authority to seek it, nor does this Court have authority to award it. *Kokesh v. SEC* 137 S. Ct.

1635, 1644 (2017)

Not only is the SEC seeking unauthorized disgorgement, but it is simply making up a

huge amount- $28 million- with no factual support of anything more than $228,000 of

"disgorgement." *SEC v. Mapp* 2018 WL 3570920 *8 (W.D. Tex. 2018), the SEC is improperly

seeking that unsupported amount in the hope the Court will award it so as to make it difficult to

post a bond to appeal such an award, thereby obtaining an unauthorized, huge award that as a

practical matter could not be appealed and corrected before the SEC enforced and rendered an

appeal moot.

If this Court were to allow disgorgement, or in such amount, it would cause irreparable

harm to Defendants and could effectively deprive them of their ability to appeal such an award.

### C.   A Stay Will Not Substantially Injure The SEC

A stay will not substantially harm the SEC. If, after appeal and/or after a decision in the *Liu* case, it is determined that summary judgment in this case was proper, and that the SEC is entitled to disgorgement as a remedy, then the SEC could proceed to seek the correct amount of disgorgement. The SEC would still have all the rights, if any, it has now, once it indisputably established liability for violation of the law and a right to disgorgement. There is no substantial harm to the SEC in waiting until those determinations can be made by the appellate courts.

### D.   The Public Interest Lies In Support Of A Stay

Preventing injustice and staying enforcement of erroneous, unjustified awards is in the public interest. The public has an interest in seeing that the laws are properly enforced. *Nhen* supra 556 U.S. supra at 436

## CONCLUSION

For the reasons set forth above, Defendants motion for stay should be granted.

Respectfully submitted,

DATED: April 30, 2020                    By:/s/ Samuel Kornhauser

Samuel Kornhauser, Esq.

CA Bar No. 83528

Law Offices of Samuel Kornhauser

155 Jackson Street, Suite 1807

San Francisco, California, 94111

Telephone: (415) 981-6281

Email: skornhauser@earthlink.net

BROOKS & DeRENSIS

111 Devonshire Street, Suite 800

Boston, MA 02109

Telephone: (857) 259-5200

Email: sbrooks@bdboston.com

Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1, the undersigned met and conferred on April 29, 2020 with Plaintiff's counsel by telephone to request a stipulation or a non-opposition regarding Defendants' request to stay ruling on Plaintiff's Motion for Entry of Final Judgment. In good faith, counsel were unable to resolve these issues.

DATED: April 30, 2020          LAW OFFICES OF SAMUEL KORNHAUSER

By:      /s/ Samuel Kornhauser
Samuel Kornhauser, Esq.
Bar No. 83528
Law Offices of Samuel Kornhauser
155 Jackson Street, Suite 1807
San Francisco, California, 94111
Telephone: (415) 981-6281
Email: skornhauser@earthlink.net
Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 30, 2020, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.


Dated: April 30, 2020                        <u>/s/ Dan Cowan</u>
                                                                    Dan Cowan