UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>NAVELLIER & ASSOCIATES, INC. and<br>LOUIS NAVELLIER,<br>    Defendants. | Case No. 17-cv-11633-DJC |

**COMMISSION'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY**

The Commission opposes Defendants' motion (ECF No. 282) for leave to file a sur-reply brief related to the Commission's motion for entry of final judgment (ECF No. 262) because:

1) **Defendants Have Already Abused the Agreed-To Filing Deadlines:** On April 22 (the date Defendants' remedies brief was due (per ECF No. 257), Defendants filed a 20 page brief and 20 pages of supporting materials (ECF Nos. 277, 277-1). The next day, under the guise of an "Errata," Defendants filed 89 more pages, including 2 new declarations (ECF No. 278). The day after that (April 24), Defendants filed a second "Errata," with 89 new pages and adding a new calculation for disgorgement (ECF No. 279). Three days after that (April 27) at 10 pm—a day and a half before the Commission's reply brief was due and five days after the Defendants were supposed to have submitted their briefs—Defendants filed a third "Errata" with 36 new pages. This brief included another, altogether different disgorgement calculation. At no point did Defendants' counsel seek leave of the Court to supplement their briefing, or call or email Commission counsel to warn them about the more than 200 new pages

1

that were coming. These practices are abusive, and the Court should not reward their behavior by permitting Defendants to submit yet more briefing.

2) **Defendants' Sur-Reply Request Is Not Motivated by the Content of the Commission's Reply**

   Twenty-one minutes. That's the time that elapsed between the filing of the Commission's Reply brief and Defendants' counsel's call to Commission counsel to meet-and-confer about their filing of a sur-reply. In that 21 minutes, Defendants' counsel had to receive notice of the filing, download the ECF document, read and digest the twelve-page brief, and decide that the Court needed to receive a sur-reply. And Defendants' motion for sur-reply makes clear that they aren't actually arguing anything new or responding to the Commission's reply. Instead, they claim that they need to argue (again) that disgorgement is not authorized under *Kokesh* and the pendent *Liu* appeal, the SEC's calculations are wrong, and the sale price can't be included in disgorgement. The Court received all these arguments from Defendants in their last brief. It doesn't need a sur-reply to get them all again.

3) **The Briefing Schedule Was Agreed-To by the Parties:** The parties jointly agreed to a briefing schedule for remedies, giving the Defendants a full month to respond to the Commission's brief, and the Commission one week to reply. (ECF No. 256.) Defendants now want to change the deal the parties struck, so it can repeat its arguments and get in the last word. The Court should not undo the original agreement by the parties by permitting a sur-reply. Enough is enough.

For these reasons, the Court should deny the Motion for Leave to File a Sur-Reply (ECF No. 282).

Dated: May 1, 2020                               Respectfully submitted,

                                                                              **SECURITIES AND EXCHANGE COMMISSION**

                                                                              By its Attorneys,

                                                                              /s/ ___Marc J. Jones_____
                                                                              Marc J. Jones (Mass. Bar No. 645910)
                                                                              Jennifer A. Cardello (Mass. Bar No. 657253)
                                                                              William J. Donahue (Mass. Bar No. 631229)
                                                                              Robert B. Baker (Mass. Bar No. 654023)

                                                                              Boston Regional Office
                                                                              33 Arch Street
                                                                              Boston, MA  02110
                                                                              (617) 573-8947 (Jones direct)
                                                                              (617) 573-4590 (fax)
                                                                              JonesMarc@sec.gov

## CERTIFICATE OF SERVICE

      I certify that on May 1, 2020, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

Dated: May 1, 2020                               /s/ Marc J. Jones_____