UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>NAVELLIER & ASSOCIATES, INC. and<br>LOUIS NAVELLIER,<br>    Defendants. | Case No. 17-cv-11633-DJC |

## COMMISSION'S OPPOSITION TO
## DEFENDANTS' MOTION TO STAY PROCEEDINGS

The Commission opposes Defendants' Motion (ECF No. 283) to stay these proceedings.

Defendants claim the Court has been divested of jurisdiction based on what they admit is a

premature appeal. But they get the law wrong. They argue that the Court must wait for the

Supreme Court's decision in *Liu v. SEC*. But they erroneously convert the Court's discretion to

do so to a requirement. And they make perfunctory arguments that they meet the criteria for a

stay, but fail to recognize the fatal flaw in their current appeal (the lack of a final judgment) and

the interests of their former clients and the public. The Court should deny the Motion to Stay,

decide remedies, and allow this case to proceed to resolution or appeal.

**A.     This Court's Jurisdiction is Not Divested by Defendants' Premature Appeal**

Defendants told this Court that, "Defendants do not believe there is yet a final judgment

in this case," but "[o]ut of an abundance of caution, Defendants … filed a notice of appeal"

because they (mistakenly) believed that the time to appeal the Order granting partial summary

judgment would run on April 13, 2020. ECF No. 274. They characterized their action as "a

precautionary notice of appeal." *Id.* But now they claim this precaution actually deprives this

Court of its jurisdiction to decide remedies.

The First Circuit has squarely addressed the deficiency in Defendants' argument:

> While an appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal, an interlocutory appeal that is brought without any colorable jurisdictional basis does not deprive the district court of jurisdiction over the underlying case. **Thus, when a litigant purposes to appeal a plainly unappealable order, the trial court may treat the appeal for what it is—a sham—and continue to exercise jurisdiction over the case.** Were the rule otherwise, a litigant bent on vexation could temporarily divest a trial court of jurisdiction at whim.

*United States v. Mala*, 7 F.3d 1058, 1060-61 (1st Cir. 1993) (emphasis added)(internal citations removed); *see also United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998) ("[A] district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case.").

Defendants' case citations to *Mills* and *George* fail to make their point. Defendants claim that, in *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1970), the circuit and Supreme Court ruled on the merits of the appeal before the district court ruled on damages. True, but Defendants carefully overlook the key fact: "[t]he District Court made the certification required by 28 U.S.C. § 1292(b), and respondents took an interlocutory appeal…." 396 U.S. at 379. Here, Defendants have not sought or been granted Section 1292 certification. In *United States v. George*, 841 F.3d 55, 70 (1st Cir. 2016), "the district court entered judgment" sentencing the defendant to terms of imprisonment and directing him to pay restitution, but "[t]hat judgment did not contain any dispositive provision with respect to forfeiture." This Court held that because defendants had appealed after the entry of the "original judgment," the district court lacked jurisdiction to subsequently "enter an amended judgment" that added a forfeiture order. *Id*. at 70-71. Here, there has been no entry of judgment. The district court has decided liability only.

2

Defendants' premature appeal is no impediment to this Court determining remedies and entering an order of final judgment.

**B.      This Court Need Not Wait for *SEC v. Liu***

Nor does this Court need to wait to enter final judgment because of the Supreme Court's consideration of *Liu v. SEC* (18-1501).  As the Commission argued in further detail in its remedies Reply (ECF No. 281, pp. 1-3), the Court's power to order disgorgement in this case is the law of this (and every other) circuit, and the Court can and should follow that existing law in determining remedies.  Nor do the cases cited by Defendants compel any other result.  In *Bechtel Corp. v. Local 215 Laborers Intn'l Union*, 544 F.2d 1207 (3d Cir. 1976), the court deferred an order pending an arbitration decision on a jurisdictional issue.  The Third Circuit found that deferral was not an abuse of discretion.  In *Momenta Pharm. v. Amphastar*, a party tried to collect on a bond.  The district court denied the effort to enforce liability on the bond until after the Federal Circuit decided an issue at the heart of the case.  Neither case applies here.  This Court can enter final judgment and order remedies without jurisdictional questions and without disturbing any issue core to the case (particularly as disgorgement (the issue in *Liu*) is only one of several remedies the Commission currently seeks and not central to the finding of liability).  Defendants have offered no compelling reason for the Court to wait to enter final judgment.

**C.      Defendants Do Not Meet the Criteria for a Stay**

Defendants do not meet the criteria for a stay.  First, there currently no likelihood of success on appeal.  Defendants have appealed prematurely, without a final judgment on which to base their appeal.  The First Circuit will likely dismiss it for lack of a final order from this Court.  To stay pending that outcome will merely cause more delay for the Court and both parties.

Second, Defendants will not be irreparably harmed if this Court decides remedies and

enters a final judgment. In fact, Defendants will be helped, because they then will have an appealable order. Nor is the possibility of a money judgment "irreparable." "[M]oney, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Defendants' argument that the size of the potential disgorgement makes the entry of final judgment into an irreparable harm makes little sense. If the disgorgement order (in a currently unknown amount), would make posting a bond difficult, Defendants may petition this Court for relief once that order is entered. *See CardiAQ Valve Technology v. Neovasc Inc.*, Civ. Act. No. 14-cv-12405-ADB, 2016 WL 8710447, at *1-2 (D. Mass. Dec. 2, 2016) (detailing possibilities for alternative forms of security to obtain a stay pending appeal, but recognizing full bond should be the requirement in normal circumstances). In any event, this Court cannot currently assess Defendants' financial hardship claim as the Court has not yet ordered money to be paid and Defendants have proffered no information about their financial status.

Third, on the balance of equities, Defendants (perhaps unsurprisingly) assign no weight either to the interest of clients who were defrauded or the Commission's role in policing fraud by investment advisers. These interests are at least as strong as Defendants' interest in not giving up the proceeds of their fraud.

Fourth, a stay would harm the public interest, as the parties and the Court would merely wait for the likely dismissal of the current appeal, and only then engage in the determination of remedies. "The public has an interest in … the prompt resolution of civil cases…." *Digital Equip. Corp. v. Currie Enter.*, 142 F.R.D. 8, 14-15 (D. Mass. 1991). The "public interest in the integrity of securities markets militates in favor of the efficient and expeditious prosecution of

these civil litigations." *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1500 (S.D.N.Y. 1987). The public interest lies in resolving this case.

On balance, there is no compelling reason to grant a stay at this time.  The Court should deny the Motion to Stay (ECF No. 283).


Dated: May 5, 2020                           Respectfully submitted,

                                             **SECURITIES AND EXCHANGE
                                             COMMISSION**

                                             By its Attorneys,

                                             /s/ ___ Marc J. Jones_____
                                             Marc J. Jones (Mass. Bar No. 645910)
                                             Jennifer A. Cardello (Mass. Bar No. 657253)
                                             William J. Donahue (Mass. Bar No. 631229)
                                             Robert B. Baker (Mass. Bar No. 654023)

                                             Boston Regional Office
                                             33 Arch Street
                                             Boston, MA  02110
                                             (617) 573-8947 (Jones direct)
                                             (617) 573-4590 (fax)
                                             JonesMarc@sec.gov

## CERTIFICATE OF SERVICE

I certify that on May 5, 2020, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

Dated: May 5, 2020                           */s/ Marc J. Jones_____*