UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NAVELLIER & ASSOCIATES, INC. and LOUIS NAVELLIER,<br><br>Defendants | Civil Action No. 17-cv-11633 |

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S OPPOSITION (DKT#286) TO DEFENDANTS' MOTION TO STAY**

Pursuant to Local Rule 7.1(b)(3) Defendants move for leave to file a short reply to the SEC's Opposition to Defendants' Motion to Stay these proceedings. (DKT#286) A reply is requested to point out the SEC's erroneous assertions that the pending appeal is not proper- it is. *Knitted Fabrics Inc. v. Amalgamated Cotton Garment and Allied Industries Fund* 967 F2d. 688, 690 (1st Cir. 1992); *SEC v. Citigroup Global Markets Inc.* 752 F3d. 285, 293 (2nd Cir. 2014)

The SEC also mischaracterizes the importance of the pending United States Supreme Court case of *Liu v. Securities and Exchange Commission* 140 S. Ct. 451 (2019); *Liu v. SEC* 2019 WL 2354737 (S. Ct. May 31, 2019) and *Kokesh v. SEC* 137 S. Ct. 1635, 1644 (2017) which call into serious doubt the SEC's claim of a right to seek a penalty of "disgorgement" for

1

"violations" of the securities laws. The Supreme Court would never have granted the writ for certiorari if the SEC's authority to seek disgorgement was not seriously in doubt, especially after its <u>Kokesh</u> decision. It makes no sense to proceed with a decision on the SEC's request for $28 million in "disgorgement" when the Supreme Court is currently deciding the very issue of whether the SEC can even seek disgorgement of any amount.

A short reply is also necessary to point out the SEC's disingenuous argument that its $28 million disgorgement request is not an essential element of the SEC's opposition. The SEC wants this Court to exercise continuing jurisdiction, which it no longer has, to rule on a $28 million disgorgement (and prejudgment interest) request (or any disgorgement amount) which this Court almost certainly has no legal authority to award, especially when the very issue of whether disgorgement is even an authorized "remedy" is currently being decided by the Supreme Court. *Marshel v. AFW Fabric Corp.* 552 F2d. 471, 472 (2nd Cir. 1977); *Bechtel Corp. v. Local 215 Laborers Intn'l Union* 544 F2d 1207, 1215 (3rd Cir. 1976); *Beydoun v. Holder* 2015 WL 631948 at *3-4 (E.D. Mich., February 13, 2015); *Amazing Raisins International Inc. v. Ocean Spray Cranberries Inc.* 2008 WL 11510854 *1 (D. Mass. August 16, 2008) citing *Air Turbine Tech Inc. v. Atlas Copco* 2004 WL 3778793 at *5 (S.D. FL. April 20, 2004)

Defendants request leave to file a short reply to address these issues and other SEC mischaracterizations regarding- counsel's April 13, 2020 letter to this Court notifying it of the filing of an appeal; no restitution; no harm to "markets" or clients, etc.- so this Court can be fully and fairly apprised of the law and facts.

                                                                                 Respectfully submitted,

DATED: May 5, 2020                                LAW OFFICES OF SAMUEL KORNHAUSER

                                                                                 By:<u>/s/ Samuel Kornhauser</u>

                                                                                 Samuel Kornhauser, Esq.

                                                                                 CA Bar No. 83528

                                                                                 Law Offices of Samuel Kornhauser

                                                                                 155 Jackson Street, Suite 1807

                                                                                 San Francisco, California, 94111

                                                                                 Telephone: (415) 981-6281

                                                                                 Email: skornhauser@earthlink.net

                                                                                 Attorneys for Defendants

                                                                                 BROOKS & DeRENSIS

                                                                                 111 Devonshire Street, Suite 800

                                                                                 Boston, MA 02109

                                                                                 Telephone: (857) 259-5200

                                                                                 Email: sbrooks@bdboston.com

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1, the undersigned met and conferred on May 5, 2020 with Plaintiff's counsel by exchange of emails to request assent to Defendants' Motion for Leave to File a Reply. Plaintiff's counsel would not assent to Defendants' motion.

DATED: May 5, 2020      LAW OFFICES OF SAMUEL KORNHAUSER

                                          By:   /s/ Samuel Kornhauser
                                                  Samuel Kornhauser, Esq.
                                                  Bar No. 83528
                                                  Law Offices of Samuel Kornhauser
                                                  155 Jackson Street, Suite 1807
                                                  San Francisco, California, 94111
                                                  Telephone: (415) 981-6281
                                                  Email: skornhauser@earthlink.net
                                                  Attorney for Defendants

**CERTIFICATE OF SERVICE**

    I certify that on May 5, 2020, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

Dated: May 5, 2020                                   /s/ Dan Cowan
                                                              Dan Cowan