## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 1:17-cv-11633 |
| Plaintiff, | |
| v. | |
| NAVELLIER & ASSOCIATES, INC., and LOUIS NAVELLIER, | |
| Defendants. | |

### DEFENDANTS' REQUEST AND MEMORANDUM FOR EX PARTE CONSIDERATION OF THEIR MOTION FOR TEMPORARY STAY OF ENFORCEMENT OF FINAL JUDGMENT

On June 22, 2020 Defendants filed an emergency motion to stay enforcement of the Final Judgment pending appeal (DKT#301). Defendants hereby request the Court to temporarily stay enforcement at least as to the monetary portion of the Final Judgment until this Court rules on Defendants' motion for stay/reduced supersedeas bond (DKT#301). The 30 day stay on enforcement of the monetary portion of the Final Judgment is currently set to expire on July 2, 2020. (DKT#285, II p. 3). Without the temporary stay which Defendants are requesting herein, the briefing and a decision on Defendants' motion to stay enforcement pending appeal and or reduced supersedeas bond may not be briefed and decided before July 2, 2020. Therefore Defendants ex parte request the Court to immediately grant a short, temporary stay extending the pending stay/reduced bond motion beyond July 2, 2020 so the SEC can file its response, if any,

to Defendants' pending stay/reduced bond, and Defendants can reply, if necessary and permitted, and so this Court can then rule on the motion.

## Background As To Stay/Bond Reduction

One June 16, 2020 the undersigned counsel for the Navellier Defendants contacted counsel for the SEC to discuss a stipulation to stay enforcement and/or reducing the amount of a supersedeas bond due to Defendants' lack of financial ability to obtain or post a $34 million supersedeas bond or anything near it. (Exhibit 1).

On June 17, 2020 the undersigned counsel and SEC counsel met and conferred and discussed the supersedeas bond situation. (Exhibit 2). The undersigned understood that the SEC would agree to the posting of a $2.8 to $3 million supersedeas cash bond to stay enforcement of the monetary portion of the Final Judgment, but would not agree to a stay of the injunctive portion of the Final Judgment, but if progress was being made on obtaining a $2.8-$3 million supersedeas bond the SEC probably would agree to a continued temporary stay of enforcement of the monetary award beyond July 2, 2020 so Defendants could obtain a bond and to enter into an agreeable asset restriction agreement restricting disposition and further encumbrances of Defendants' assets that were subject to enforcement.

On June 18, 2020 the undersigned counsel sent SEC counsel a draft proposal asset restriction agreement as part of a proposed agreement for a proposed, Court-approved, reduced supersedeas bond and stay of enforcement. (Exhibit 3).

On June 19, 2020 Appellants' counsel called SEC counsel to discuss the proposed asset restriction agreement and Appellants' property legally available for enforcement in light of Appellants' now access to property held as tenants by the entirety with Mr. Navellier's wife.

(Exhibit 4). During that call SEC counsel informed Appellants' counsel that the SEC would not agree to a $2.8-$3 million bond and that what he had meant was a bond in the greatest amount that could be obtained from pledging $2.8-$3 million in cash to the bond issuer. The undersigned expressed surprise and extreme displeasure at the SEC's position and at having delayed filing a motion for reduced bond based on his belief that the SEC would stipulate to a reduced bond in the amount of $2.8-$3 million, if Defendants could obtain one in that amount.

On June 22, 2020 Defendants filed the emergency motion to stay and/or reduce supersedeas bond. (DKT's#301 and 302).

On June 23, 2020 Defendants requested leave to file Mr. Navellier's declaration and accompanying financial information under seal. (DKT#303).

On June 24, 2020 the First Circuit Court of Appeals denied, without prejudice, Defendants' motion to stay due to Defendants' failure to first seek that relief in this Court. (Exhibit 5).

Defendants do not have the financial ability to obtain or post a $34 million bond or anything near it. Defendants and their undersigned counsel have been attempting to obtain the maximum bond they are able to procure, and believe Defendants can obtain a $2.8 to $3 million supersedeas bond.

The undersigned met and conferred with SEC counsel to attempt to obtain its assent to this ex parte motion for temporary stay but was not able to obtain SEC assent to a short, temporary stay.

## CONCLUSION

Because of the time urgency of this request for a short, temporary stay, and the inability to reach agreement with the SEC for assent to this stay request, this temporary stay motion should be granted.

Respectfully submitted,

DATED: June 25, 2020          LAW OFFICES OF SAMUEL KORNHAUSER

By:/s/ Samuel Kornhauser

Samuel Kornhauser, Esq.

CA Bar No. 83528

Law Offices of Samuel Kornhauser

155 Jackson Street, Suite 1807

San Francisco, California, 94111

Telephone: (415) 981-6281

Email: skornhauser@earthlink.net

BROOKS & DeRENSIS

Steven Brooks

111 Devonshire Street, Suite 800

Boston, MA 02109

Telephone: (857) 259-5200

Email: sbrooks@bdboston.com

Attorneys for Defendants

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

On June 25, 2020 the undersigned attempted to meet and confer with SEC counsel by email to obtain the SEC's assent to a short, temporary stay, extending the current stay of enforcement from July 2, 2020 to the date when this Court rules on Defendants pending motion for stay/reduced supersedeas bond (DKT#301). The undersigned has not as yet received a response.


Dated:  June 25, 2020                          By:  _/s/ Samuel Kornhauser_
                                                       Samuel Kornhauser

                                               Samuel Kornhauser, Esq.

                                               CA Bar No. 83528

                                               Law Offices of Samuel Kornhauser

                                               155 Jackson Street, Suite 1807

                                               San Francisco, California, 94111

                                               Telephone: (415) 981-6281

                                               Email: skornhauser@earthlink.net


                                               BROOKS & DeRENSIS

                                               Steven Brooks

                                               111 Devonshire Street, Suite 800

                                               Boston, MA 02109

                                               Telephone: (857) 259-5200

                                               Email: sbrooks@bdboston.com


                                               Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed on this date through the ECF system and will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF) as of this date of this filing.

June 25, 2020                                      By: *Dan Cowan*
                                                       Dan Cowan

# EXHIBIT 1

>

> -----Original Message-----

> From: Samuel Kornhauser <samuel.kornhauser@gmail.com>

> Sent: Tuesday, June 16, 2020 1:49 PM

> To: Jones, Marc <JonesMarc@SEC.gov>

> Subject: Appeal bond

>

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

>

>

> Marc

> I'm writing to meet and confer prior to bringing a motion to waive or reduce any supersedeas bond in connection with the appeal of the Final Judgment. Will you agree to a waiver of the bond secured by a restriction agreement not to dispose of or further encumber NAI or Mr Navellier' s assets currently available for execution pending the appeal or to a reduced bond of $3 Million, which is all that I believe Is  reasonably available even if the SEC could enforce the judgment. I'd like to work with you to reach a realistic and viable arrangement that protects the SEC as to existing security available for payment of the judgment if it is upheld on appeal, but defendants only have limited assets currently available even if the judgment could be enforced. Let me know your thoughts or proposals since I will have to file a motion to waive or reduce the bond tomorrow or Thursday at the latest.

>

> Sam

>

> Sent from my iPhone

>

**samuel.kornhauser@gmail.com**

| | |
|---|---|
| **From:** | Jones, Marc <JonesMarc@SEC.gov> |
| **Sent:** | Tuesday, June 16, 2020 11:51 AM |
| **To:** | Samuel Kornhauser |
| **Subject:** | RE: SEC v. Navellier: Appeal bond |

Correct. 11:30 my time.  Thanks.

Marc J. Jones
Senior Trial Counsel
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor, Boston, MA 02110
tel: (617) 573-8947 | email: mailto:jonesmarc@sec.gov

-----Original Message-----
From: Samuel Kornhauser <samuel.kornhauser@gmail.com>
Sent: Tuesday, June 16, 2020 2:44 PM
To: Jones, Marc <JonesMarc@SEC.gov>
Subject: Re: SEC v. Navellier: Appeal bond

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Yes. 11:30 am your time(8:30 am my time)?

Sam

Sent from my iPhone

> On Jun 16, 2020, at 10:52 AM, Jones, Marc <JonesMarc@sec.gov> wrote:
>
> Sam,
>
> I will need to do some conferring internally about this.  Can we set up a time tomorrow morning to discuss?  I am available from 11:30-12:30 eastern, or any time after 2.
>
> MJ
>
>
> Marc J. Jones
> Senior Trial Counsel
> U.S. Securities and Exchange Commission Boston Regional Office
> 33 Arch Street, 24th Floor, Boston, MA 02110
> tel: (617) 573-8947 | email: mailto:jonesmarc@sec.gov
>

1

EXHIBIT 2

**samuel.kornhauser@gmail.com**

| | |
|---|---|
| **From:** | samuel.kornhauser@gmail.com |
| **Sent:** | Thursday, June 18, 2020 4:38 PM |
| **To:** | 'Jones, Marc' |
| **Cc:** | skornhauser@earthlink.net; 'Louis Navellier' |
| **Subject:** | Asset Restriction Agreement/Bond |
| **Attachments:** | 6-18-20 SEC-NAI Asset Restriction Agreement.pdf |

Marc,

Attached is a proposed draft of the Asset Restriction Agreement which we discussed yesterday.

Sam

DRAFT

## ASSET RESTRICTION AGREEMENT

In consideration of the Securities and Exchanges Commission's agreement to stay

enforcement of the $28,964,571 in disgorgement and prejudgment interest and the $2.5 million

in penalties, awarded by the June 2, 2020 Final Judgment entered against Navellier &

Associates, Inc. ("NAI") and Louis Navellier jointly and severally (except penalties which are

several) in *SEC v. Navellier & Associates, Inc. et al* No. 17-cv-11633, (a copy of which is

attached and made a part hereof) NAI and Louis Navellier (collectively "Defendants") agree not

to further encumber their assets against which enforcement could be had ("Restricted Assets"),

or to sell, transfer, gift or otherwise dispose of or alienate said Restricted Assets as set forth

herein. NAI and Louis Navellier further agree as a condition of this agreement to post a

supersedeas bond or equivalent security acceptable to the SEC in the amount of $2,800,000.

The Defendants shall comply with each of the following conditions:

(1) Defendants will do everything in their power to maintain the value of all their Restricted

Assets against which enforcement could be had by the SEC and prevent a decrease in the value

thereof.

(2) Defendants shall not pay any notes, debts, or other obligations to one another. Louis

Navellier agrees to waive and not receive salary, or compensation from NAI and Mr. Navellier

further agree to waive and not receive compensation for NAI's management of the

Navellier/Dial High Income Opportunities Series Unit Investment Trust during the term of this

agreement.

(3) Defendants shall make no financial commitments or expenditures for capital improvements or additions in connection with NAI without court approval.

(4) Defendants shall not pay any debts in whole or part except to trade creditors in the ordinary course of business and debt obligations as set forth on the financial statements heretofore furnished to the SEC.

D. SEC shall have the right to select an independent auditor to inspect any and all records of the corporate defendant NAI in order to ascertain whether the Defendants are complying with provisions of this Agreement and Order and shall receive monthly profit and loss statements and balance sheets from the NAI defendant within two weeks following the end of each month during the effective period of this Agreement and Order.

E. In the event of changed circumstances which substantially reduce the value of the Restricted Assets, the SEC has the right to request the Court to increase the security which must be escrowed or, in the event that additional security is not available, to dissolve the stay of execution of judgment, or enter another appropriate order.

F. All of the foregoing limitations and escrow arrangements will terminate with the filing of a final decision of the Court of Appeals, or court of last resort.


NOW THEREFORE, the parties hereby stipulate and agree that NAI may continue to make payments and engage in other activities in the ordinary course of business, including payment of payroll costs and legal costs. NAI may not pay any shareholder dividends, make asset transfers outside the United States or Canada that are not in the ordinary course of business, acquire assets outside the scope of the ordinary course of business, or pay compensation outside the scope of ordinary business. Louis Navellier will not be paid any salary or other compensation from NAI

until a final decision on appeal is rendered by a court of last resort or the June 2, 2020 Final

Judgment is reversed, vacated or modified. NAI must seek prior agreement from SEC or

approval from the Court should it seek any exceptions regarding any such transactions. Apart

from legal costs as they come due and ordinary-course payroll costs, NAI will also seek prior

agreement from SEC or approval from the Court for any outbound payment transactions not in

the ordinary course of business involving more than $25,000.

SECURITIES AND EXCHANGE COMMISSION

Dated:                                    By_____

<br>

Louis Navellier

Dated:                                    By_____

<br>

Navellier & Associates, Inc.

Dated:                                    By_____

# EXHIBIT 3

**samuel.kornhauser@gmail.com**

| | |
|---|---|
| **From:** | Jones, Marc <JonesMarc@SEC.gov> |
| **Sent:** | Thursday, June 18, 2020 11:09 AM |
| **To:** | Samuel Kornhauser |
| **Cc:** | skornhauser@earthlink.net; Cardello, Jennifer; Donahue, William |
| **Subject:** | RE: In re Louis Navellier and Navellier & Associates |

Sorry Sam.  I'm booked then.  Could we do 1:30 my time tomorrow?  Feel free to send whatever you've got in advance so I can review.

Thanks,
Marc


Marc J. Jones
Senior Trial Counsel
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor, Boston, MA 02110
tel: (617) 573-8947 | email: mailto:jonesmarc@sec.gov


-----Original Message-----
From: Samuel Kornhauser <samuel.kornhauser@gmail.com>
Sent: Thursday, June 18, 2020 1:51 PM
To: Jones, Marc <JonesMarc@SEC.gov>
Cc: skornhauser@earthlink.net; Cardello, Jennifer <cardelloj@SEC.GOV>; Donahue, William <DonahueW@SEC.gov>
Subject: Re: In re Louis Navellier and Navellier & Associates

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.


Marc
Are you available to speak further this afternoon about the stay/ bond we were discussing yesterday? I'll send you a draft of a proposed asset restriction agreement later this morning after I finish up with some other meetings. Does 4:00 pm your time today work?

Sam

Sent from my iPhone


> On Jun 18, 2020, at 6:09 AM, Jones, Marc <JonesMarc@sec.gov> wrote:
>
> Sam,
>

> Attached please find correspondence concerning the administrative proceeding against Mr. Navellier and NAI.  I am sending these to you via email pursuant to your consent to email service yesterday.  If you need hard copies of these letters served, please let me know immediately.

>

> Thanks,

> Marc

>

>

> Marc J. Jones

> Senior Trial Counsel

> U.S. Securities and Exchange Commission Boston Regional Office

> 33 Arch Street, 24th Floor, Boston, MA 02110

> tel: (617) 573-8947 | email: mailto:jonesmarc@sec.gov

>

>

>

> <Rule 230 Letter Navellier and Associates Inc - FINAL.pdf>

> <Rule 230 Letter Louis Navellier - FINAL.pdf>

> <Rule 230 Letter Sam Kornhauser - FINAL.pdf>

> <02. 06.12.20 Order Instituting AP.pdf>

# EXHIBIT 4

# United States Court of Appeals
## For the First Circuit

No. 20-1581

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff - Appellee,

v.

NAVELLIER & ASSOCIATES, INC.; LOUIS NAVELLIER,

Defendants - Appellants.

---

Before

Howard, Chief Judge,
Torruella and Thompson, Circuit Judges.

---

**ORDER OF COURT**

Entered: June 24, 2020

Appellants have filed a motion to vacate the final judgment entered by the district court in this matter on the theory that the district court lacked jurisdiction to issue the same in light of the pendency of Appeal No. 20-1437. That motion is denied. The pendency of that jurisdictionally defective appeal was no impediment to the lower court's jurisdiction to proceed. See, e.g., United States v. Brooks, 145 F.3d 446, 456 (1st Cir. 1998); United States v. Mala, 7 F.3d 1058, 1060–61 (1st Cir. 1993); and Glob. Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 19 (1st Cir. 2007).

In the alternative, appellants have asked this court to issue a stay of the final judgment entered in the district court. Fed. R. App. P. 8 provides that "[a] party must ordinarily move first in the district court for…a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). See also 16A Fed. Prac. & Proc. Juris. § 3954 (5th ed.) ("The cardinal principle with respect to stay applications under Rule 8 is that the relief ordinarily must first be sought in the [district] court.") (footnote omitted). The appellants have not sought relief first in the district court. Accordingly, appellants' motion to stay is denied without prejudice.

So ordered.

By the Court:

Maria R. Hamilton, Clerk

cc:
Steven Joel Brooks
Samuel Kornhauser
Jennifer A. Cardello
Robert Bradley Baker
Donald Campbell Lockhart
William J. Donahue
Paul Gerard Alvarez
Marc Jonathan Jones
Rachel McKenzie

# EXHIBIT 5

# United States Court of Appeals
## For the First Circuit

No. 20-1581

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff - Appellee,

v.

NAVELLIER & ASSOCIATES, INC.; LOUIS NAVELLIER,

Defendants - Appellants.

Before

Howard, Chief Judge,
Torruella and Thompson, Circuit Judges.

**ORDER OF COURT**

Entered: June 24, 2020

Appellants have filed a motion to vacate the final judgment entered by the district court in this matter on the theory that the district court lacked jurisdiction to issue the same in light of the pendency of Appeal No. 20-1437. That motion is denied. The pendency of that jurisdictionally defective appeal was no impediment to the lower court's jurisdiction to proceed. See, e.g., United States v. Brooks, 145 F.3d 446, 456 (1st Cir. 1998); United States v. Mala, 7 F.3d 1058, 1060–61 (1st Cir. 1993); and Glob. Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 19 (1st Cir. 2007).

In the alternative, appellants have asked this court to issue a stay of the final judgment entered in the district court. Fed. R. App. P. 8 provides that "[a] party must ordinarily move first in the district court for…a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). See also 16A Fed. Prac. & Proc. Juris. § 3954 (5th ed.) ("The cardinal principle with respect to stay applications under Rule 8 is that the relief ordinarily must first be sought in the [district] court.") (footnote omitted). The appellants have not sought relief first in the district court. Accordingly, appellants' motion to stay is denied without prejudice.

So ordered.

By the Court:

Maria R. Hamilton, Clerk

cc:
Steven Joel Brooks
Samuel Kornhauser
Jennifer A. Cardello
Robert Bradley Baker
Donald Campbell Lockhart
William J. Donahue
Paul Gerard Alvarez
Marc Jonathan Jones
Rachel McKenzie