# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        v.<br><br>NAVELLIER & ASSOCIATES, INC. and LOUIS NAVELLIER,<br><br>                    Defendants | Civil Action No. 17-cv-11633 |

## ERRATA TO DOCUMENT 333- DEFENDANTS' REQUEST FOR STATEMENT OF

## DECEMBER 20, 2018 HEARING

Defendants have filed an appeal to the First Circuit (case no. 20-1581) from this Court's June 2, 2020 judgment in this case and requested preparation of the record on appeal. Defendants asked that a transcript of the December 20, 2018 hearing before Magistrate Judge Bowler (regarding Defendants' motion for protective order to prevent disclosure by ACA of attorney client/ work product documents) be prepared and included in the record on appeal. Apparently, the recording device malfunctioned that day, so there was no recoding of the December 20, 2018 hearing. (Exhibit 1)

As a result, the First Circuit inquired if Defendants wanted to include a FRAP Rule 10(c) version of the record of the hearing. Defendants informed the First Circuit that they would like a Rule 10(c) version of the December 20, 2018 hearing (Exhibit 2).

On May 18, 2020 and again on October 13, 2020 Defendants' counsel sent his recollection of the hearing to counsel for Plaintiff (Exhibit 3). In an exchange of emails, Defendants' counsel requested that

Plaintiff's counsel present his recollection of the December 20, 2018 hearing to see if counsel agreed but Plaintiff's counsel so far has declined to do so, indicating he did not agree with Defendants' summary and that he would file his recollection after Defendants' counsel files a "motion" with this Court. (Group Exhibit 4).

Defendants request, pursuant to FRAP 10(c), that this Court approve and settle the record of the December 20, 2018 hearing in accordance with Defendants' statement (Exhibit 3) after review of Defendants' statement and Plaintiff's response, if any.

**THIS ERRATA INCLUDES IN GROUP EXHIBIT 4 THE OCTOBER 16, 2020 EMAIL WHICH WAS REFERENCED BUT INADVERTANTLY OMITTED FROM DOCUMENT 333.**

Respectfully submitted,

DATED: October 22, 2020          LAW OFFICES OF SAMUEL KORNHAUSER

By:/s/ Samuel Kornhauser

Samuel Kornhauser, Esq.

CA Bar No. 83528

Law Offices of Samuel Kornhauser

155 Jackson Street, Suite 1807

San Francisco, California, 94111

Telephone: (415) 981-6281

Email: skornhauser@earthlink.net

Attorneys for Defendants

BROOKS & DeRENSIS
111 Devonshire Street, Suite 800
Boston, MA 02109
Telephone: (857) 259-5200
Email: sbrooks@bdboston.com

2

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1</u>

Pursuant to Local Rule 7.1, the undersigned met and conferred by telephone on May 18, 2020 and by email from May 20 through May 22, 2020 and by email on October 13, 2020 with Plaintiff's counsel but in good faith, counsel were unable to resolve these issues.

DATED: October 22, 2020          LAW OFFICES OF SAMUEL KORNHAUSER

By:     /s/ Samuel Kornhauser
          Samuel Kornhauser, Esq.
          Bar No. 83528
          Law Offices of Samuel Kornhauser
          155 Jackson Street, Suite 1807
          San Francisco, California, 94111
          Telephone: (415) 981-6281
          Email: skornhauser@earthlink.net
          Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I certify that on October 22, 2020, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.


Dated: October 22, 2020                        /s/ Dan Cowan
                                               Dan Cowan

EXHIBIT 1

**samuel.kornhauser@gmail.com**

| | |
|---|---|
| **From:** | Deborah Scalfani <Deborah_Scalfani@mad.uscourts.gov> |
| **Sent:** | Tuesday, May 5, 2020 6:17 AM |
| **To:** | samuel.kornhauser@gmail.com |
| **Subject:** | RE: Navellier & Associates Inc. v. SEC Appeal No. 20-1437 District Court (No. 17-cv-11633-DJC) Transcript Order |

Hi Attorney Kornhauser:

I wanted to let you know that the 12/20/18 hearing was not recorded.  Unfortunately the audio recording machine had malfunctioned during the hearing.  I will send the 2/11/19 hearing out for transcription to Karen Aveyard, and she will send you estimates for that transcript.  If you would like to contact Karen directly she is at k.aveyard@comcast.net.

I apologize for this inconvenience.
Have a nice night.
Debbie

**From:** samuel.kornhauser@gmail.com <samuel.kornhauser@gmail.com>
**Sent:** Monday, May 4, 2020 2:00 PM
**To:** Deborah Scalfani <Deborah_Scalfani@mad.uscourts.gov>
**Cc:** skornhauser@earthlink.net
**Subject:** Navellier & Associates Inc. v. SEC Appeal No. 20-1437 District Court (No. 17-cv-11633-DJC) Transcript Order

Dear Ms. Scalfani,

We have filed an appeal in SEC v. Navellier & Associates, et al. District Court case No. 17-cv-11633-DJC. The First Circuit Court of Appeal case No. is 20-1437. Please prepare transcripts for docket no. 75, the 12-20-18 hearing on motion to quash and docket no. 133, the 2-11-19 motion for protective order. Also I believe the transcripts for docket no. 165, the 3-27-19 hearing to stay Eichenlaub deposition, has already been prepared (see docket nos. 170 and 171) and docket no. 210, the 5-31-19 hearing on motion to quash Ranft deposition (see docket no. 211) and docket no. 215, the 7-08-19 motion for reconsideration (docket no. 218) have been prepared and are part of the record. If those transcripts are not already part of the record, please prepare them also.

My office will pay you for the transcripts that need to be prepared. Please bill me for them. Thanks.

Samuel Kornhauser
Law Office of Samuel Kornhauser
155 Jackson Street, suite 1807
San Francisco CA 94111
Phone: (415) 981-6281
Fax: (415) 981-7616

1

# EXHIBIT 2

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

| | |
|---|---|
| Securities and Exchange Commission, | |
| *Plaintiff-Appellee,* | No.  20-1581 |
| v. | |
| Navellier & Associates, Inc.; Louis Navellier | |
| *Defendants-Appellants.* | |

## APPELLANTS' STATEMENT OF INTENT TO REQUEST THE DISTRICT COURT TO PREPARE A FED. R. APP. P. 10(c) STATEMENT OF EVIDENCE OR PROCEEDINGS

Pursuant to the Court's September 23, 2020 order, Appellants

Navellier & Associates, Inc. ("NAI") and Louis Navellier hereby advise

this Court that they intend to prepare a statement of the evidence or

proceedings pursuant to Fed. R. App. P. 10(c) for the December 20, 2018

hearing in the District Court below. Appellants will submit their

proposed statement of the evidence or proceedings from the best

available evidence and from Appellants' counsel's best recollection and

will serve it on Appellee's counsel within seven (7) days of today, i.e., by

1

October 14, 2020 for review and comment and then submit it to the District Court.

Appellants previously requested preparation of this December 20, 2018 transcript in *Securities and Exchange Commission v. Navellier & Associates, Inc. et al.* Appeal No. 20-1437 and submitted their Rule 10(c) statement of the evidence or proceedings for the December 20, 2018 hearing to the District Court for that Appeal No. 20-1437 (a copy of which is attached hereto as Group Exhibit A), but the District Court did not rule on it or prepare it as part of the record in Appeal No. 20-1437 before that Appeal was dismissed as a premature appeal.

DATED: October 7, 2020          Respectfully submitted,

LAW OFFICES OF SAMUEL KORNHAUSER
By:/s/ Samuel Kornhauser
Samuel Kornhauser, Esq.
CA Bar No. 83528
Law Offices of Samuel Kornhauser
155 Jackson Street, Suite 1807
San Francisco, California, 94111
Telephone: (415) 981-6281
Email: skornhauser@earthlink.net

Attorneys for Defendants

2

## **CERTIFICATE OF SERVICE**

I certify that on October 7, 2020, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

Dated: October 7, 2020                    /s/ Dan Cowan

                                          Dan Cowan

EXHIBIT 3

Pursuant to Rule 10(c) of the Federal Rules of Appellate Procedure, based on a review of the pleadings in connection with Appellants' motion for protective order, a May 18, 2020 discussion between Appellants' and Appellee's counsel about the substance of what was said at the December 20, 2018 hearing and Appellants' counsel's own recollection, the following is Appellants' counsel's recollection of the substance of what was said during the December 20, 2018 hearing in this case:

Counsel for Defendants/Appellants Navellier & Associates, Inc. ("NAI") and Louis Navellier basically argued the factual and legal points made in Defendants' memorandum and reply memorandum in support of their motion for protective order emphasizing that the communications to ACA by NAI staff, including Mr. Kuyper, were at the behest of NAI's counsel, Samuel Kornhauser, to assist him in providing legal advice to his clients, the Defendants. Defendants counsel emphasized during oral argument that the communications with ACA were at his behest and that contrary to the SEC's assertion, were requested by Mr. Kornhauser at the outset. Mr. Kornhauser pointed out that there was no credible basis for the SEC to argue that the communications with ACA were not work product or attorney client privileged because SEC's counsel did not know what was communicated or why ACA was retained.

The SEC's counsel argued the legal and factual points raised in the SEC's memorandum opposing the motion for protective order. Basically the SEC's counsel argued that the ACA communications were not attorney client privileged or work product because ACA was a third party consultant not hired by Mr. Kornhauser but recommended to Mr. Navellier by an employee of Navellier & Associates, Inc.

1

Appellant counsel Mr. Kornhauser has a firm and distinct recollection that at one point, near the conclusion of hearing Magistrate Judge Bowler asked Mr. Kornhauser if he or his clients were willing to provide her with the ACA records for her *in camera* review and that Mr. Kornhauser responded yes that he could and would absolutely provide her with the subpoenaed ACA records for her *in camera* review. At that point, Magistrate Judge Bowler said she would take a short break to confer and retired to her chambers, with her law clerks, for a few minutes. When she resumed the bench, she indicated that she did not need to review the ACA documents, that she had enough information and indicated that she was denying or was inclined to deny the motion. The SEC's counsel recalls Magistrate Judge Bowler taking a brief recess but does not have a specific recollection what it was about. The next day she filed a nine (9) page decision denying the motion for protective order.

2

# GROUP EXHIBIT 4

## samuel.kornhauser@gmail.com

| | |
|---|---|
| From: | samuel.kornhauser@gmail.com |
| Sent: | Friday, May 22, 2020 10:42 AM |
| To: | 'Jones, Marc' |
| Cc: | skornhauser@earthlink.net |
| Subject: | 12/20/2018 hearing info |
| Attachments: | Marc Jones letter.pdf |

Mr. Jones,

Please see the attached letter.

Sam

5-22-2020

Marc Jones                                                                                    Email

Marc,

Enough with the gamesmanship. I have asked you repeatedly for your recollection of what was said during the December 20, 2018 hearing, including your specific agreement or version as to the written summary I sent you on May 18, 2020. However, you continue to evade the question. I am confident that my written recollection as presented to you on May 18, 2020 is correct, including that Magistrate Judge Bowler asked me during the hearing if my clients would agree to provide her with the ACA documents for *in camera* review and that I said we would. You claim you don't recall if she thereafter took a brief, in chambers, recess with her law clerks and then returned and stated that she did not need to review the documents.

We discussed all of this by phone on Monday May 18, 2020. I provided you with a written version later that day for you agreement or comment, but you have declined to commit as to whether you recall those statements, whether you agree or disagree, and if you disagree, what you recollection is of what was said, although you claim to recall that Magistrate Judge Bowler did take a brief, in chambers, recess during the hearing.

In short, you were served with my statement, on May 18, 2020, which statement I intend to submit to Judge Bowler today, along with copies of our email exchanges.

Per the First Circuit's order, I will so inform it today also, along with the summary I sent to you, and our various email exchanges.

**samuel.kornhauser@gmail.com**

| | |
|---|---|
| **From:** | Jones, Marc <JonesMarc@SEC.gov> |
| **Sent:** | Thursday, May 21, 2020 3:17 PM |
| **To:** | Samuel Kornhauser |
| **Cc:** | Donahue, William; Baker, Robert; Cardello, Jennifer |
| **Subject:** | RE: SEC v. Navellier -- Proposed  Rule 10(c) Hearing Summary |

Sam,

The process you are talking about here is not the process laid out in FRAP 10, and not the process you should be following.

First, there should be no "notify[ing] the First Circuit that we met and conferred and what my recollection is and of [sic] your recollection if it differs from mine." No FRAP 10 filing can be made by you in the Circuit Court, other than to tell the First Circuit that you think you need some record of hearing for your appeal and intend to follow Rule 10 to get one.  It is improper for you to recount to the First Circuit what you recollections are prior to the Magistrate Judge ruling on them, and we do not consent to you making any representation to the First Circuit, or the District Court, about what my or Bill's recollections are or aren't.  It is up to the District Court to place the statement as part of the record.  All the court has asked is "*whether* [you] intend to prepare a statement of evidence or proceedings pursuant to Fed. R. App. 10(c) or whether the case can proceed to briefing on the present record on appeal."  Note First Cir. rule 10.0(d), "The court is of the opinion that in many cases a transcript is not really needed, and makes for delay and expense...counsel are reminded of Fed. R. App. P. 10(c) *requiring submission to the district court for approval."*

Second, we do not want to debate or dispute with you via email and outside the Rule 10 process about the hearing and particularly about the issues you raise.  Once we get your motion and statement, we will respond within the 14 days.  We do not want anything about our position characterized in your statement to the District Court, as that is not the process Rule 10 contemplates.  Write your position, send it to us in the form that will be filed with the Court, and we will respond.

Marc


**Marc J. Jones**
Senior Trial Counsel
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor, Boston, MA 02110
tel: (617) 573-8947 | email: mailto:jonesmarc@sec.gov

**From:** Samuel Kornhauser <samuel.kornhauser@gmail.com>
**Sent:** Thursday, May 21, 2020 3:04 PM
**To:** Jones, Marc <JonesMarc@SEC.gov>
**Subject:** Re: SEC v. Navellier -- Proposed Rule 10(c) Hearing Summary

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

1

samuel.kornhauser@gmail.com

| | |
|---|---|
| **From:** | Samuel Kornhauser <samuel.kornhauser@gmail.com> |
| **Sent:** | Thursday, May 21, 2020 12:04 PM |
| **To:** | Jones, Marc |
| **Subject:** | Re: SEC v. Navellier -- Proposed Rule 10(c) Hearing Summary |

Marc

Aside from format, specifically what is it that you don't agree with? Do you dispute that Magistrate Judge Bowler asked me if my clients were willing to turn over the ACA documents for her in camera review and that I said yes? Do you dispute that she took a short break in chambers and then came out and said that she didn't need to look at the documents? Let me know if you have any recollection as to those matters and anything else that was said at the hearing so I can finalize the draft to send to Magistrate Bowler and so I can also notify the First Circuit that we met and conferred and what my recollection is.and of your recollection if it differs from mine.

Sam

Sent from my iPhone

On May 20, 2020, at 11:09 AM, Jones, Marc <JonesMarc@SEC.gov> wrote:

Sam,

Specifically, I don't agree with the format, as it does not seem to be in the form of a 10(c) proposed statement with a motion.  I don't agree with the approach, as it talks about "emphasizing" and other bits of what I think of as argumentation (including your focus on only one part of the exchange with the Magistrate—what you say you remember about in camera review—that you deem important), rather than being a plain statement of the hearing.  And I don't agree with the content, as our recollection of the hearing and yours differ significantly.  We also don't agree with your characterization of our recollection, as it is not accurate.  I appreciate the effort to find common ground, but we are going to need to go through the FRAP 10(c) process.  Accordingly, please serve on us your final proposed 10(c) motion and statement.  We will, within 14 days of receiving it as the rule prescribes, provide objections and/or proposed amendments.  At that point, you can submit yours and ours to the District Court for "settlement and approval" and then the district clerk can include it in the appellate record.   In the meantime, you can tell the 1st Cir. by Friday that you intend to go through with the 10(c) process, or that you don't.

As to Ms. Scalfani, thanks for the information.  I am not asking you to call her again if you have already spoken to her.  I just wanted to make sure someone had actually talked to her about our hearing.

Marc

**Marc J. Jones**
Senior Trial Counsel
U.S. Securities and Exchange Commission
Boston Regional Office

1

33 Arch Street, 24th Floor, Boston, MA 02110
tel: (617) 573-8947 | email: mailto:jonesmarc@sec.gov

**From:** Samuel Kornhauser <samuel.kornhauser@gmail.com>
**Sent:** Wednesday, May 20, 2020 12:59 PM
**To:** Jones, Marc <JonesMarc@SEC.gov>
**Subject:** Re: SEC v. Navellier – Proposed Rule 10(c) Hearing Summary

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Marc
What is it specifically you don't agree with?
I'll call Ms Scalfani again but it was she who contacted me a few days after I spoke to her and ordered the transcripts she had supposedly recorded.

Sam

Sent from my iPhone

On May 20, 2020, at 9:26 AM, Samuel Kornhauser <samuel.kornhauser@gmail.com> wrote:

> Marc what is it that you don't agree with?
> I'll check again about a recording not being made but it was the
>
> Sam
>
> Sent from my iPhone
>
> On May 20, 2020, at 6:40 AM, Jones, Marc <JonesMarc@SEC.gov> wrote:
>
>> Sam,
>>
>> Based on what you sent me, I do not think that we will be able to reach a stipulation about the December 20, 2018 hearing.  Please serve on me the final form of your 10(c) motion to the court, and we will respond in the 14 days per Fed. R. App. P. 10(c).
>>
>> Also, have you called the court reporter yourself to confirm that there is no recording?  Were you told why there is no recording?  I can't help thinking that this is some mistake, because in Boston we have never heard of a hearing without a recording, and the clerk's notes indicate that one was made.   Any information you have would be great.  Perhaps we wouldn't have to go down the 10(c) process at all.
>>
>> Thanks,
>> Marc

Marc J. Jones
Senior Trial Counsel
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor, Boston, MA 02110
tel: (617) 573-8947 | email: mailto:jonesmarc@sec.gov


From: samuel.kornhauser@gmail.com
<samuel.kornhauser@gmail.com>
Sent: Monday, May 18, 2020 7:48 PM
To: Jones, Marc <JonesMarc@SEC.gov>; Donahue, William
<DonahueW@SEC.gov>
Cc: skornhauser@earthlink.net
Subject: Proposed Rule 10(c) Hearing Summary

> CAUTION: This email originated from outside of the organization. Do
> not click links or open attachments unless you recognize the sender and
> know the content is safe.

Marc, Bill,

Attached is the proposed Rule 10(c) summary of the December 20, 2018
hearing which we discussed this afternoon.

Sam

Pursuant to Rule 10(c) of the Federal Rules of Appellate Procedure, based on a review of the pleadings in connection with Appellants' motion for protective order, a May 18, 2020 discussion between Appellants' and Appellee's counsel about the substance of what was said at the December 20, 2018 hearing and Appellants' counsel's own recollection, the following is Appellants' counsel's recollection of the substance of what was said during the December 20, 2018 hearing in this case:

Counsel for Defendants/Appellants Navellier & Associates, Inc. ("NAI") and Louis Navellier basically argued the factual and legal points made in Defendants' memorandum and reply memorandum in support of their motion for protective order emphasizing that the communications to ACA by NAI staff, including Mr. Kuyper, were at the behest of NAI's counsel, Samuel Kornhauser, to assist him in providing legal advice to his clients, the Defendants. Defendants counsel emphasized during oral argument that the communications with ACA were at his behest and that contrary to the SEC's assertion, were requested by Mr. Kornhauser at the outset. Mr. Kornhauser pointed out that there was no credible basis for the SEC to argue that the communications with ACA were not work product or attorney client privileged because SEC's counsel did not know what was communicated or why ACA was retained.

The SEC's counsel argued the legal and factual points raised in the SEC's memorandum opposing the motion for protective order. Basically the SEC's counsel argued that the ACA communications were not attorney client privileged or work product because ACA was a third party consultant not hired by Mr. Kornhauser but recommended to Mr. Navellier by an employee of Navellier & Associates, Inc.

1

Appellant counsel Mr. Kornhauser has a firm and distinct recollection that at one point, near the conclusion of hearing Magistrate Judge Bowler asked Mr. Kornhauser if he or his clients were willing to provide her with the ACA records for her *in camera* review and that Mr. Kornhauser responded yes that he could and would absolutely provide her with the subpoenaed ACA records for her *in camera* review. At that point, Magistrate Judge Bowler said she would take a short break to confer and retired to her chambers, with her law clerks, for a few minutes. When she resumed the bench, she indicated that she did not need to review the ACA documents, that she had enough information and indicated that she was denying or was inclined to deny the motion. The SEC's counsel recalls Magistrate Judge Bowler taking a brief recess but does not have a specific recollection what it was about. The next day she filed a nine (9) page decision denying the motion for protective order.

**samuel.kornhauser@gmail.com**

| | |
|---|---|
| **Subject:** | SEC v. Navellier – Discuss 12/20/18 Hearing |
| **Location:** | WebEx Conference Call -- See below |
| | |
| **Start:** | Mon 5/18/2020 11:00 AM |
| **End:** | Mon 5/18/2020 11:30 AM |
| **Show Time As:** | Tentative |
| | |
| **Recurrence:** | (none) |
| | |
| **Meeting Status:** | Not yet responded |
| | |
| **Organizer:** | Jones, Marc |

Sam,

We can talk at 2 pm Eastern as you suggested to discuss whether you will need a FRAP 10(c) summary of the 12/20/18 hearing, and, if so, what we might agree to.  If you have anything already written, please send it over prior to the meeting.

Call in information is below.

Marc

— Do not delete or change any of the following text —

**When it's time, join your Webex meeting here.**

Meeting number (access code): 905 878 469
Meeting password: vvNXSsJf825 (88697753 from phones)

Join meeting

**Join by phone**
Tap to call in from a mobile device (attendees only)
+1-929-251-9612 USA Toll 2
+1-415-527-5035 US Toll
Global call-in numbers

**Join from a video system or application**
Dial 905878469@secgov.webex.com

1

**Join using Microsoft Lync or Microsoft Skype for Business**

Dial 905878469.secgov@lync.webex.com

**If you are a host, go here to view host information.**

**Need help? Go to http://help.webex.com**

| | |
|---|---|
| **From:** | Jones, Marc |
| **To:** | samuel.kornhauser@gmail.com |
| **Cc:** | skornhauser@earthlink.net; Alvarez, Paul |
| **Subject:** | RE: SEC v. Navellier Appeal No. 20-1581 FRAP Rule 10(c) record of December 20, 2018 hearing |
| **Date:** | Friday, October 16, 2020 7:01:09 AM |

Sam,

As before, we do not agree with your characterization of our position on what happened at the hearing.  Our earlier papers about this hearing summarize our memory of the hearing.

I see that you filed a notice in the First Circuit.  Will you be refiling your papers in the District Court?

**Marc**


**Marc J. Jones**
Senior Trial Counsel
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor, Boston, MA 02110
tel: (617) 573-8947 | email: mailto:jonesmarc@sec.gov

---

**From:** samuel.kornhauser@gmail.com <samuel.kornhauser@gmail.com>
**Sent:** Tuesday, October 13, 2020 6:02 PM
**To:** Jones, Marc <JonesMarc@SEC.gov>
**Cc:** skornhauser@earthlink.net
**Subject:** SEC v. Navellier Appeal No. 20-1581 FRAP Rule 10(c) record of December 20, 2018 hearing

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Jones,                                                                                          VIA EMAIL

Pursuant to my October 7, 2020 response to the First Circuit regarding Appellants' intent to request a FRAP 10(c) record regarding the December 20, 2018 hearing, I reiterate the proposed December 20, 2018 hearing summary I sent you on May 18, 2020 in connection with Appeal No. 20-1437. I have attached additional excerpts of documents which confirm my offer to Magistrate Judge Bowler at the December 20, 2018 hearing to produce ACA documents for her *in camera* review. Neither you or the SEC ever disputed that Magistrate Judge Bowler asked if defendants would produce the ACA documents for *in camera* review or that I offered to do so at the December 20, 2018 hearing. That is included in my proposed summary of the December 20, 2018 hearing.