# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>NAVELLIER & ASSOCIATES, INC., and LOUIS NAVELLIER,<br><br>        Defendants. | Civil Action No. 1:17-cv-11633 |

## DEFENDANTS' REQUEST FOR LEAVE TO FILE THE ATTACHED REPLY MEMORANDUM

Pursuant to Local Rule 7.1(b)(3) Defendants request leave to file the attached reply memorandum in support of their Rule 10(c) motion. Defendants request leave to file a reply in order to apprise the Court of the incorrect statements and misleading arguments of SEC's counsel in their Objections and Proposed Amendments To Defendants' Request For Statement of December 20, 2018 Hearing (DKT#338).

The SEC seeks to have the Court omit, and thereby deny, that during the December 20, 2018 hearing that Defendants' counsel stated that ACA had been retained at his behest, to assist him in advising his clients. The SEC's opposition further misleads this Court by seeking to delete that this Court asked Defendants' counsel if he or his clients were willing to provide the Court with the ACA documents for her *in camera* review and that Defendants' counsel replied yes, that he could and would absolutely provide the Court with the subpoenaed  ACA records for its *in*

*camera* review. That exchange occurred at the December 20, 2018 hearing. The SEC's attempt

to delete it would result in an inaccurate 10(c) statement.

Since the SEC's counsel has tried in its opposition and proposed 10(c) statement to omit

these statements, which did occur during the hearing, it is necessary for the Defendants to be able

to clearly point out to the Court in a reply that the  SEC's opposition is incorrect and misleading

and does not reflect what was actually said at the December 20, 2018 hearing.

Respectfully submitted,

DATED: October 29, 2020          LAW OFFICES OF SAMUEL KORNHAUSER

By:/s/ Samuel Kornhauser

Samuel Kornhauser, Esq.

CA Bar No. 83528

Law Offices of Samuel Kornhauser

155 Jackson Street, Suite 1807

San Francisco, California, 94111

Telephone: (415) 981-6281

Email: skornhauser@earthlink.net

BROOKS & DeRENSIS

Steven Brooks

111 Devonshire Street, Suite 800

Boston, MA 02109

Telephone: (857) 259-5200

Email: sbrooks@bdboston.com

Attorneys for Defendants

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

On October 29, 2020 the undersigned attempted to meet and confer with SEC counsel by email to obtain the SEC's assent for leave to file a reply memorandum in support of their Rule 10(c) motion. SEC's counsel refused to assent.

Dated:  October 29, 2020

By:  _/s/ Samuel Kornhauser_
      Samuel Kornhauser

Samuel Kornhauser, Esq.

CA Bar No. 83528

Law Offices of Samuel Kornhauser

155 Jackson Street, Suite 1807

San Francisco, California, 94111

Telephone: (415) 981-6281

Email: skornhauser@earthlink.net

BROOKS & DeRENSIS

Steven Brooks

111 Devonshire Street, Suite 800

Boston, MA 02109

Telephone: (857) 259-5200

Email: sbrooks@bdboston.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed on this date through the ECF system and will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF) as of this date of this filing.


October 29, 2020                                                    By: *Dan Cowan*
                                                                                    Dan Cowan

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

NAVELLIER & ASSOCIATES, INC.,
and LOUIS NAVELLIER,

      Defendants.

Civil Action No. 1:17-cv-11633

---

**[PROPOSED] REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
FOR RULE 10(c) STATEMENT IN LIEU OF TRANSCRIPT OF DECEMBER 20, 2018
HEARING**

The SEC has filed[1] an opposition to Defendants' motion for a Rule 10(c) statement of the
December 20, 2018 hearing. In their opposition SEC counsel attempt to mislead this Court as to
what actually was said during the December 20, 2018 hearing. SEC counsel seeks to omit and
delete the oral arguments actually made by Defendants' counsel during the hearing. Thus the
SEC seeks to delete from the 10(c) statement what was actually said by Defendants' counsel-

> "the communications to ACA by NAI staff including
> Mr. Kuyper were at the behest of NAI's counsel,
> Samuel Kornhauser, to assist him in providing legal

---

[1] The SEC's Opposition (Document 338) is dated June 4, 2020 and has a certificate of service of June 4, 2020 but
was not EFC filed or served until October 28, 2020 as document 338.

> advice to his clients, the defendants. Defendants'
> counsel emphasized during oral argument that the
> communications with ACA were at his behest and
> that contrary to the SEC's assertion, were requested
> by Mr. Kornhauser at the outset. Mr. Kornhauser
> pointed out that there was no credible basis for the
> SEC to argue that the communications with ACA
> were not work product or attorney client privileged
> because SEC's counsel did not know what was
> communicated or why ACA was retained.

That statement was made in Defendants' memorandum and was repeated and made by Mr.

Kornhauser during oral argument on December 20, 2018. The SEC does not deny the statement

was made during oral argument. The SEC simply seeks to delete it, but in doing so seeks to

create an inaccurate record of what was said during the hearing.

Likewise, the SEC seeks to delete the exchange between this Court (Magistrate Judge

Bowler) and defense counsel whereby this Court asked the undersigned, Mr. Kornhauser,

counsel for Defendants, if he would be willing to provide the Court with the ACA documents for

its *in camera* review and Defendants' counsel stated that "yes, he could and would absolutely

provide the Court with the subpoenaed ACA records for her *in camera* review." Again, the SEC

does not deny that that exchange occurred at the December 20, 2018 hearing but attempts to

distort the 10(c) statement of what was said at the hearing by deleting that portion of it. That is

improper. The purpose of the Rule 10(c) statement is to give an accurate statement of what was

said at the hearing in lieu of an unattainable recorded transcript. Deleting relevant portions of

what was said, simply because the SEC doesn't like what was said is not a basis for deleting it

from the record. Deleting the statements that were indisputably made would create an inaccurate

10(c) Statement.

The SEC does not deny that that exchange occurred during the December 20, 2018

hearing nor does the SEC deny that the above summation of that exchange (as set forth in Exhibit 3 to Defendants' Request for Statement of December 20, 2018 Hearing (Exhibit 3, p. 1 and 2; DKT#333, p. 12 and 13 of 24) is accurate.

Instead the SEC attempts to mislead the Court into providing an incomplete and inaccurate statement of the December 20, 2018 hearing by excluding (deleting) those exchanges.

The SEC feigns "confusion" as to Defendants' proposed statement, incorrectly referring to it as Exhibit C to Defendants' Request for Statement. There is no Exhibit C. Defendants' proposed statement is at Exhibit 3 to Defendants' Request for Statement of December 20, 2018 Hearing (DKT#333, pp. 12 and 13 of 24).

Not only does the SEC counsel Mr. Jones not deny the accuracy of the statements, but neither do his co-counsel, who were present at the December 20, 2018 hearing. If the statements were not made, SEC's counsel would have filed declarations denying the statements were made during that oral argument. They didn't.

SEC counsel further attempts to distort the record by claiming that the Commission's counsel's notes from the hearing are locked away, which counsel cannot access safely, and therefore the Commission cannot give the Court a full recounting of its recollection of the hearing. That is more distortion. The SEC's counsels' feigned inability to recall what was said at the hearing without their supposed notes doesn't mean that Defendants' recitation of what was said is inaccurate or didn't occur. Just the opposite. If SEC counsel can't recall then it can't dispute that the Defendants' proposed statement is accurate. Defendants' statement of the December 20, 2018 hearing is accurate. Indeed, it has been confirmed in several subsequent pleadings where Defendants' counsel reiterated that he offered to provide the documents *in camera* at the December 20, 2018 hearing (Group Exhibit 5). The SEC in responding to those

-3-

pleadings never disputed that that exchange (offer at the hearing to produce ACA documents for *in camera* review) occurred, and in fact confirmed it (Group Exhibit 5).

Finally, the SEC's further attempt to distort the record, by objecting to the timing of the Rule 10(c) request, is meritless. Defendants twice timely requested that a transcript of the December 20, 2018 hearing be included in the record on appeal (in Appeal No. 20-1437) and again in Appeal No. 20-1581. In connection with the pending appeal (#20-1581), on September 24, 2020 the First Circuit notified Defendants' counsel that due to a malfunction no recording of the December 20, 2018 hearing was available and inquired if Defendants (Appellants) intended to obtain a Rule 10(c) statement. (Exhibit 2, to District Court DKT#333). On October 7, 2020 Defendants timely notified the First Circuit that they would proceed to obtain a Rule 10(c) statement (Exhibit 2 to District Court DKT#333) and Defendants are hereby timely seeking that statement.

## CONCLUSION

Defendants' proposed statement (DKT#333, Exhibit 3) is an accurate statement of what was said during the December 20, 2018 hearing. The SEC has not disputed the accuracy of the statements. Instead it has attempted to delete from the 10(c) statement, statements and arguments that were actually made during the hearing. Deleting or omitting statements that were made during the hearing would distort the record of the hearing and would not be an accurate statement of what was indisputably said at the hearing. Those statements would have been recorded and would have been part of the record if there had been no recording malfunction. Defendants' proposed 10(c) (Exhibit 3) should be adopted as the Rule 10(c) Statement. The SEC's proposed

"amended" statement should be rejected.

Respectfully submitted,

DATED: October 29, 2020            LAW OFFICES OF SAMUEL KORNHAUSER
                                   By:/s/ Samuel Kornhauser
                                   Samuel Kornhauser, Esq.
                                   CA Bar No. 83528
                                   Law Offices of Samuel Kornhauser
                                   155 Jackson Street, Suite 1807
                                   San Francisco, California, 94111
                                   Telephone: (415) 981-6281
                                   Email: skornhauser@earthlink.net

                                   BROOKS & DeRENSIS
                                   Steven Brooks
                                   111 Devonshire Street, Suite 800
                                   Boston, MA 02109
                                   Telephone: (857) 259-5200
                                   Email: sbrooks@bdboston.com

                                   Attorneys for Defendants

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

On October 29, 2020 the undersigned attempted to meet and confer with SEC counsel by email to obtain the SEC's assent for leave to file a reply memorandum in support of their Rule 10(c) motion. SEC's counsel refused to assent.


Dated:  October 29, 2020

By: */s/ Samuel Kornhauser*
        Samuel Kornhauser

Samuel Kornhauser, Esq.

CA Bar No. 83528

Law Offices of Samuel Kornhauser

155 Jackson Street, Suite 1807

San Francisco, California, 94111

Telephone: (415) 981-6281

Email: skornhauser@earthlink.net


BROOKS & DeRENSIS

Steven Brooks

111 Devonshire Street, Suite 800

Boston, MA 02109

Telephone: (857) 259-5200

Email: sbrooks@bdboston.com


Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed on this date through the ECF system and will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF) as of this date of this filing.

October 29, 2020

By: *Dan Cowan*
Dan Cowan

GROUP EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NAVELLIER & ASSOCIATES, INC., and<br>LOUIS NAVELLIER,<br><br>Defendants. | Civ. Act. No. 17-cv-11633-DJC<br><br>**ORAL ARGUMENT REQUESTED** |

## OPPOSITION TO DEFENDANTS' MOTION TO QUASH
## PLAINTIFF'S SUBPOENA TO ACA COMPLIANCE GROUP

Plaintiff United States Securities and Exchange Commission opposes Defendants

Navellier & Associates, Inc. ("NAI") and Louis Navellier's ("Navellier") Motion to Quash

Plaintiff's subpoena for documents to ACA Compliance Group. Defendants mischaracterize the

purpose of the initial ACA engagement, seeking to recast an ordinary business relationship with

a compliance consultant into something more. Defendants refuse to provide even a redacted

version of the ACA engagement letter(s), which would help clarify the nature and scope of

ACA's retention. Instead, Defendants' rely merely on their counsel's unsubstantiated assertion

that NAI initially retained ACA in anticipation of a possible litigation with the Commission. But

the subpoenaed ACA documents are not entitled attorney-client communications or attorney

work product. The facts show that NAI first engaged ACA as a compliance consultant in the

regular course of its business more than three years before the Commission opened its

investigation regarding NAI and its advertising practices. Only months later, it appears, did NAI

counsel become involved. Indeed, documents from the time of the engagement and Navellier's

own deposition testimony contradict Defendants' counsel's last-minute bid to recast this

compliance-function engagement as attorney-client related or prepared in anticipation of litigation. Because, the documents sought by the Commission are not protected from disclosure under either the attorney-client privilege or work-product doctrine, Defendants' motion to quash should be denied.

In addition, if the Court would find it helpful in deciding this Motion, the Commission requests the Court order Defendants to produce all relevant documents concerning NAI's retention (or retentions) of ACA during the relevant period, including all engagement letters and correspondence regarding any engagement agreements between NAI and ACA, for an *in camera* review by the Court.

## I.    FACTS

### A.    NAI's Relationship with F-Squared and its Vireo AlphaSector Products

In October 2009, NAI entered into an agreement with F-Squared Investments, Inc. ("F-Squared") to establish investment products that followed F-Squared's AlphaSector strategies under NAI's Vireo brand. Through the Vireo products, NAI invested its clients' money using the F-Squared AlphaSector strategies. Compl. ¶18. NAI marketed the AlphaSector based strategies to its clients and to investment professionals who had relationships with NAI clients. *Id.* ¶34. In doing so, NAI published charts and other data reflecting a historical performance track record of the AlphaSector strategy between 2001 and 2008, even though F-Squared had not provided NAI with any documentary support that there was any active investment in the strategy during those years. These charts and data were used in client presentations, marketing materials and other communications provided to numerous clients, investors, and potential investors. *Id.* ¶37. NAI created Vireo marketing materials by incorporating and adapting portions of F-

2

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

 v.

NAVELLIER & ASSOCIATES, INC., and
LOUIS NAVELLIER,

     Defendants.

Civil Action No. 17-cv-11633

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF DECEMBER 21, 2018 DECISION (DKT #76) DENYING DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA TO NON-PARTY ACA COMPLIANCE GROUP AND IN SUPPORT OF MOTION TO STAY

## INTRODUCTION

Defendants request the Court to reconsider its December 21, 2018 decision (Dkt #76). Defendants also request the Court, pursuant to The Rules for United States Magistrate Judges in United States District Court for the District of Massachusetts, Rule 2(c), to issue a stay of its denial of Defendants' motion to quash the ACA subpoena (i.e., order that production of documents by ACA be stayed pending a decision on this motion for reconsideration or Defendants' possible objections to this Court's December 21, 2018 order).

Defendants request reconsideration on the following grounds:

1.      Respectfully, Defendants submit that this Court clearly erred in determining, without reviewing *in camera* the withheld ACA documents, that the communications and documents between Navellier & Associates, Inc.'s ("NAI") personnel (and outside counsel) and ACA were not at the behest of NAI's attorney and were not "necessary" or "highly useful" to assist him in providing legal advice to NAI and therefore that the documents are not attorney-client privileged. An *in camera* review by the Court, as offered by NAI in its brief (Dkt #68-1, ¶11) and during oral argument (Dkt #75) and as also requested by the Securities and Exchange Commission ("SEC") would have shown (and will show) that ACA was retained by NAI at its attorney's behest, in confidence to assist NAI's attorney in providing legal advise to his client NAI regarding whether NAI's Vireo AlphaSector marketing materials complied with the securities laws. NAI respectfully believes an *in camera* review by the Court will show that there was no factual basis for the Court's determinations that: the internal review by ACA was not at the behest of NAI's outside counsel, that there was no mention of NAI's outside counsel in ACA's internal review, and that NAI's outside counsel's statements that ACA was retained to assist him in providing legal advice should be discounted as after the fact statements in the midst of litigation. The ACA documents which

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

   v.

NAVELLIER & ASSOCIATES, INC., and
LOUIS NAVELLIER,

            Defendants.

Civil Action No. 17-cv-11633

---

### DEFENDANTS' MEMORANDUM IN SUPPORT OF RULE 72 OBJECTIONS TO THE MAGISTRATE JUDGE'S DECEMBER 21, 2018 DECISION (DKT #76) DENYING DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA TO NON-PARTY ACA COMPLIANCE GROUP AND IN SUPPORT OF MOTION TO STAY

## INTRODUCTION

Defendants object to the Magistrate Judge's December 21, 2018 Decision denying their Motion to Quash the SEC's subpoena of attorney client privilege and work product protected documents held by ACA (Dkt #76). Defendants also request that the Court, pursuant to its inherent authority and pursuant to the Rules for United States Magistrate Judges in United States District Court for the District of Massachusetts, Rule 2(c), issue a stay of the Magistrate Judge's December 21, 2018 Order (i.e., order that production of documents by ACA be stayed pending a decision on Defendants' objections to the December 21, 2018 Order).

Defendants object and seek review of the Magistrate Judge's Order on the following grounds:

1.      Respectfully, Defendants submit that the Magistrate Judge clearly erred in determining, without reviewing *in camera* the withheld ACA documents, that the communications and documents between Navellier & Associates, Inc.'s ("NAI") personnel (and outside counsel) and ACA were not attorney client privileged, i.e., in erroneously determining (without reviewing the documents *in camera*) that the ACA internal investigation and documents were not created at the behest of NAI's attorney and were not "necessary" or "highly useful" to assist him in providing legal advice to NAI. An *in camera* review by the Court, as offered by NAI in its brief (Dkt #68-1, ¶11) and twice during oral argument (Dkt #75) and as also requested by the Securities and Exchange Commission ("SEC") would have shown (and will show) that ACA was retained by NAI at its attorney's behest, in confidence to assist NAI's attorney in providing legal advise to his client NAI regarding whether NAI's Vireo AlphaSector marketing materials complied with the securities laws. NAI respectfully believes an *in camera* review by the Court will show that there was no factual basis for the Magistrate Judge's determinations that: the internal review by ACA

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    v.

NAVELLIER & ASSOCIATES, INC. and
LOUIS NAVELLIER,

    Defendants.

Case No. 17-cv-11633-DJC

### COMMISSION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S DECEMBER 21, 2018 ORDER DENYING MOTION TO QUASH COMMISSION'S SUBPOENA TO ACA COMPLIANCE

Defendant has filed objections (ECF No. 84) to Magistrate Judge Bowler's Order (ECF No. 76) denying Defendants' Motion to Quash Plaintiff's Subpoena to Non-Party ACA Compliance Group and For Protective Order (ECF No. 66). The Defendants invent an *in camera* requirement, quibble with the Court's factual findings, and twist the Magistrate Judge's reasoning, searching unsuccessfully for "any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). There isn't one; Defendants' objections should be overruled and Magistrate Judge Bowler's Order should stand.

### LEGAL STANDARD

The parties agree that Fed. R. Civ. P. 72(a) controls the review of this Order concerning non-dispositive matters. Rule 72(a) states that the order of a magistrate judge may be reversed only if it is "clearly erroneous or contrary to the law." The order must be accepted unless the review district judge has a "strong, unyielding belief that a mistake [was] made." *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999). The district court should accept the

*camera* requirement underpins each of their three grounds for reconsideration. *See id.* at p. 1
(objection 1, quoted above); p. 2 (objection 2: claiming Court "should have reviewed the ACA
documents *in camera* before rendering a decision" on attorney-client privilege); p. 2 (objection
3: claiming Court "'clearly erred' in determining, without an *in camera* review, that the ACA
documents" are not work product).

But while Defendants' repeatedly claim the opposite, this Court has no legal obligation to
analyze documents *in camera*—as the very cases cited by the Defendants establish. *Lluberes v.*
*Uncommon Productions, LLC*, for instance, states that "the district court has the option within its
discretion on remand to review these documents *in camera*...." 663 F.3d 6, 26 (1st Cir. 2011)
(emphasis added). The First Circuit goes on to state, "We underscore that we are not intending
to set any precedent for requiring district courts to engage in a particular procedure for
discerning the validity of a privilege claim, either in the defamation contract or in another type of
litigation." *Id.* at 27 (emphasis added).  Nor does the next case Defendants cite, *In re Grand*
*Jury Subpoena*, 662 F.3d 65, 70 (1st Cir. 2011), help their case either.  There the First Circuit
states that *in camera* review is "prudential," "encouraged, not discouraged" and "may be well
advised" in certain situations.  *Id.*  Each quotation shows that the Court has the option—not the
obligation—to review the documents.  The First Circuit could not have been clearer that the
Magistrate Judge had no obligation to review the ACA documents *in camera*.

Let's not forget that it was defense counsel who (before losing their motion) chose not to
produce the ACA Compliance documents *in camera*.  *See* Declaration of Samuel Kornhauser
(ECF No. 68-1), ¶¶ 5 & 7 (relying on "withheld attorney-client/work product documents").
Defense counsel stated that he could provide various documents to the court "if necessary," (*id.*,
¶ 11).  By doing so, Defendants conceded that *in camera* review was an option available to the

3

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

   v.

NAVELLIER & ASSOCIATES, INC., and
LOUIS NAVELLIER,

                Defendants.

Civil Action No. 17-cv-11633

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION OF DECEMBER 21, 2018 DECISION (DKT #76) DENYING
DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA TO A NON-PARTY
ACA COMPLIANCE GROUP AND IN SUPPORT OF MOTION TOMSTAY**

**Leave to File Reply Granted January 29, 2019 (DKT #110)**

1

and results in manifest injustice.

The denial was a manifest error of law because, contrary to established case law in this Circuit, the Magistrate Judge did not make an in camera review of the documents to determine whether they are attorney client privileged.

Contrary to the SEC's assertion, Defendants are not arguing that it is the law that a court is <u>always required</u> to conduct an <u>in camera</u> review of documents to determine if they are privileged. Rather, the law is that it is "prudent" for the court to do so and that the desirability of such a review is "<u>heightened</u>" where there is a legitimate dispute about the assertion of the attorney client privilege, since the "very purpose of conducting an in camera review is to determine which documents are privileged." *In re Grand Jury Subpoenas* 662 F3d 65, 70 (1st Cir. 2011) Federal courts "commonly and appropriately" conduct such in camera reviews to determine whether documents are privileged. Id.

Where, as here, there has been no in camera review of the documents, the court does not have enough information to form a reasoned judgment on the issue of attorney client privilege. It is legal error for the court not to make such in camera review. *In re Grand Jury Subpoenas* 123 F3d 695, 699-700 (1st Cir. 1997) [remanding on the issue of attorney client privilege where district court failed to conduct in camera review]. Where the assertion of the attorney client privilege is subject to legitimate dispute, the desirability of in camera review is heightened. Id (citing *United States v. Smith* 123 F3d 140, 151 (3rd Cir. 1997)) "[e]ven if the parties do not explicitly request such a review. *In re Grand Jury Subpoenas*. supra 662 F3d at 70

In the present case, Defendants suggested that an in camera review be conducted if there was any doubt that the documents are privileged. (DKT #68; DKT #73) During oral argument, Defendants' counsel, without hesitation, also agreed to an in camera review when asked by the

3

Magistrate Judge, but the Magistrate Judge ruled without review of the offered documents. Likewise, the SEC's current argument that an in camera review is not necessary, contradicts its own request that an in camera review be held. (DKT #69)

The Magistrate Judge, despite her decision on reconsideration (which was made before this reply brief was allowed), decided that the subpoenaed ACA documents are not attorney client privileged and did so without even reviewing those documents. Respectfully, the Magistrate Judge could not make a factually or legally correct determination of privilege without even reviewing the documents. As a result of the failure to conduct that review, the Magistrate Judge came to the wrong factual conclusion (that the documents were not at the behest of Defendants' counsel, i.e., are not privileged) which led to an erroneous legal conclusion which has resulted in manifest injustice.

The Magistrate Judge's misapprehension of truncated deposition excerpts, taken out of context, and "discounting" counsel for Defendants' declaration (without reviewing documents that confirmed the contemporaneous attorney client communication) resulted in manifest, factual error, i.e., that the ACA review was not at NAI's counsel's behest. It was at his behest. An in camera review of the contemporaneous documents would show that the documents are privileged.

The documents disclose that the ACA review was confidential and was at the behest of NAI's attorney for the purpose of assisting him in advising his clients. *Massachusetts Mutual Life Ins. Co. v Merrill Lynch, Pierce, Fenner & Smith* 293 FRD 244, 248 (D. Mass. 20213)

Review of the retainer makes clear that ACA does not give legal advice. ACA was consulted by NAI's attorney to assist him in providing legal advice to NAI. (DKT #68-1)

The Magistrate Judge's reliance on *Cavallaro v United States* 284 F3d 236 (1st. Cir. 2002) and *United States v Kovel* 296 F2d 918 (2nd Cir. 1961) for the proposition that the communication

4

No.

## UNITED STATES COURT OF APPEALS

## FOR THE FIRST CIRCUIT

IN RE:

NAVELLIER & ASSOCIATES, INC., and                    )

LOUIS NAVELLIER,                                                      )

    Petitioners                                                                )

                                                                                    )

SECURITIES AND EXCHANGE COMMISSION,     )

    Respondent                                                              )

_____ )

On Appeal from the United States District Court for the

District of Massachusetts

The Honorable Denise J. Casper

District Court Case No. 1:17-cv-11633-DJC

---

## APPEAL / PETITION FOR WRIT MANDAMUS

---

**LAW OFFICES OF SAMUEL KORNHAUSER**   **BROOKS & DE RENSIS, P.C.**

Samuel Kornhauser                   Steven J. Brooks

155 Jackson Street, Suite 1807       111 Devonshire Street, Suite 800

San Francisco, CA 94111             Boston, MA 02109

(415) 981-6281                     (857) 259-5200

skornhauser@earthlink.net          sbrooks@bdboston.com

Lead Counsel                      Local Counsel

Attorneys for Petitioners

1

parties do not explicitly request such a review. *In re Grand Jury Subpoenas*, supra 662 F3d at 70.

In the present case, Petitioners suggested that an *in camera* review be conducted if there was any doubt that the documents are privileged. (DKT #68; DKT #73) During oral argument, Petitioners' counsel, without hesitation, also agreed to an *in camera* review when asked by the Magistrate Judge if he would agree to an *in camera* review. Nonetheless, the Magistrate Judge ruled from the bench that the ACA documents were not attorney client privileged, without review of the offered documents. Likewise, the SEC's current argument that an *in camera* review is not necessary, contradicts its own request that an *in camera* review be held. (DKT #69).

The Magistrate Judge, on reconsideration (which was made before the reply brief was allowed), decided that the subpoenaed ACA documents are not attorney client privileged and did so without even reviewing those documents. Apparently, the District Court, in adopting the Magistrate Judge's Orders, also did not review the ACA documents *in camera*. Respectfully, the Magistrate Judge (and the District Court) could not make a factually or legally correct determination of privilege without even reviewing the documents. As a result of the failure to conduct that review, the Magistrate Judge came to the wrong factual conclusion (that the documents were not at the behest of Petitioners' counsel, i.e., are not