UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>NAVELLIER & ASSOCIATES, INC., and LOUIS NAVELLIER,<br><br>          Defendants. | Civil Action No. 1:17-cv-11633 |

**DEFENDANTS' OPPOSITION TO SEC'S MOTION TO STRIKE (DKT#349)**

Plaintiff's motion to strike Docket 348-1 should be denied as frivolous and meritless. Contrary to the SEC's misleading statement, Defendants have not filed "new" finding of fact or conclusions of law. Nor are they "different" from the responsive proposed findings and conclusions Defendants filed on November 13, 2020 (DKT#343) in response to the SEC's proposed finding. Contrary to the SEC's assertion, the SEC has already "responded" to the finding in its reply memorandum.

As Defendants' counsel pointed out in his meet and confer with SEC counsel this morning (Group Exhibit 1 attached hereto) the proposed finding and proposed amended judgment were submitted to the Court for its convenience as a stand alone document (just like the SEC submitted a stand alone set of proposed findings) so it could more easily use Defendants' proposed findings.

Defendants' submission is simply a stand alone set of finding for which the Court can more easily sign, revise or amend, rather than try to unravel or cull them out from Defendants'

November 13, 2020 Responses, which had been combined with the SEC's findings into one document.

Contrary to the SEC's mischaracterization, Defendants' stand alone proposed findings do not "change" the findings previously submitted. It simply simplified and combined some duplicative findings and conclusions. The SEC has not been "prejudiced" one bit because the substance hasn't changed and no new matter was added.

As suspected, the SEC's motion is simply an effort to continue to argue its amended remedies motion by claiming that some findings would reverse this Court's summary judgment. That assertion was addressed in the SEC's reply and Defendants' sur-reply- i.e., the Court is required to examine the "merits" to determine if the SEC-claimed disgorgeable awards are truly "from wrongdoing."

## CONCLUSION

The SEC's motion should be denied.

Respectfully submitted,

DATED: December 3, 2020   LAW OFFICES OF SAMUEL KORNHAUSER

By:/s/ Samuel Kornhauser
Samuel Kornhauser, Esq.
CA Bar No. 83528
Law Offices of Samuel Kornhauser
155 Jackson Street, Suite 1807
San Francisco, California, 94111
Telephone: (415) 981-6281
Email: skornhauser@earthlink.net

BROOKS & DeRENSIS
Steven Brooks
111 Devonshire Street, Suite 800
Boston, MA 02109
Telephone: (857) 259-5200
Email: sbrooks@bdboston.com
Attorneys for Defendants

-3-

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed on this date through the ECF system and will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF) as of this date of this filing.

DATED: December 3, 2020                                By:  *Dan Cowan*
                                                                                       Dan Cowan

Group Exhibit 1

**samuel.kornhauser@gmail.com**

| | |
|---|---|
| **From:** | Samuel Kornhauser <samuel.kornhauser@gmail.com> |
| **Sent:** | Thursday, December 3, 2020 7:58 AM |
| **To:** | Jones, Marc |
| **Subject:** | Re: SEC v. Navellier - Motion to Strike |

Marc
They aren't "new" findings of fact and conclusions of law  - they are the same ones we submitted on November 13 th in response to yours. They are just stand alone findings so the judge can have a clean set to sign. I'm assuming your real motivation is to try to file a sur-sur reply to make more imaginary arguments. So if you want to waste everyone's time and money with another meritless motion go ahead and I'll let the Court know what you are up to.

Sam

Sent from my iPhone


> On Dec 3, 2020, at 6:32 AM, Jones, Marc <JonesMarc@sec.gov> wrote:
>
> Sam,
>
> The Commission intends to move to strike your new proposed findings/conclusions (D. 348-1).  Your Findings/Conclusions were due on 11/13.  You, in fact, submitted Findings/Conclusions on that date, and we replied to those.   There is no reason for the new ones.  Let us know if you asset to our motion to strike.
>
> Please let us know by 2 pm Eastern.  If we do not hear from you by then, we will tell the Court we were unable to reach you.
>
>
> Marc
>
>
> **Marc J. Jones**
> Senior Trial Counsel
> U.S. Securities and Exchange Commission
> Boston Regional Office
> 33 Arch Street, 24th Floor, Boston, MA 02110
> tel: (617) 573-8947 | email: mailto:jonesmarc@sec.gov

1

**samuel.kornhauser@gmail.com**

| | |
|---|---|
| **From:** | Jones, Marc <JonesMarc@SEC.gov> |
| **Sent:** | Thursday, December 3, 2020 10:00 AM |
| **To:** | 'Samuel Kornhauser' |
| **Subject:** | FW: SEC v. Navellier - Motion to Strike |

Sam,

You representations are simply not true. The documents don't line up. On 11/13, you submitted 77 proposed findings (paras. 75-152), and you responded to 74 of our findings. Yesterday, you submitted 111. Simple math shows the documents aren't the same. While the later document takes text from the earlier one, you have reworded, revised, reorganized, and generally submitted a new set of findings.

Here's your first finding from your 11/13 filing (#75):
In order for the SEC to obtain summary judgment as to Counts One and Two for violations of §206(1) and §206(2), it had to prove, with undisputed evidence, that the two allegedly "false" statements- 'live traded' and 'not back tested'- were actually false. *ZPR Investment Management v. SEC* 861 F.3d 1239, 1247 (11th Cir. 2017) [[T]o establish a violation [of §206(1) and 206(2)] each of these sections requires the SEC to show the investment adviser made a material misrepresentation].

Here's your first finding from yesterday's filing:
The federal court has equitable discretion as to whether to grant any or no equitable relief and, if so, the amount, if any. SEC v. Mapp 2018 WL3590920 at *7 (E.D. Tex. 2018).

They don't match, though there is overlap with your responses to our findings.

Here's your last finding from 11/13:
Since there is no disgorgeable amount and Defendants did not have the use of clients' money, no prejudgment interest is awarded.

Here's your last finding from yesterday:
Since there is no proof the allegedly false statement was, in fact, false, no injunctive relief will be granted and no statutory penalty will be awarded.

Your second to last finding from yesterday lines up with your last finding from 11/13, it appears.

As further illustration, your 12/2 Finding #54 states, "Moreover, disgorgement is limited to the "net gains" from wrongdoing." That sentence does not appear in the 11/13 document.

You have also changed numbers. For instance, on 11/13, Response to Finding 6 stated, "clients got back everything and $371,581,016 million more. So the disgorgement is not authorized." Yesterday's Finding 34 states, "clients got back everything and $39,960,784 more. So the disgorgement is not authorized." 11/13 Response to #37 states, "but after deduction of business expense and offset of the $37,581,016 profits returned to Allocator…." Yesterday, Finding #97: "but after deduction of business expenses and offset of the $39,960,784 of profits returned to Allocator…." That you would pass off these changed numbers with the blanket statement that the two documents are the same is both wrong and irresponsible.

1

In the course of this case, you have regularly submitted new material and freely revised filings, without ever seeking leave of court to do so. You had a date to get your filings in, you submitted them, and they stand as is.

Finally, you suggest that our "real motivation is to try to file a sur-sur reply to make more imaginary arguments. So if you want to waste everyone's time and money with another meritless motion go ahead and I'll let the Court know what you are up to." To the contrary, briefing was done on 11/30, per order of the court, and your findings were due weeks ago. We do not want a sur-sur-reply; we want you to follow the schedule and the rules set by the Court.

Please be aware, to the extent that you suggest to the Court that the two documents are "the same ones we submitted on November 13 th," we will point out that misrepresentation and request appropriate relief.

Marc

**Marc J. Jones**
Senior Trial Counsel
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor, Boston, MA 02110
tel: (617) 573-8947 | email: mailto:jonesmarc@sec.gov

**From:** Samuel Kornhauser <samuel.kornhauser@gmail.com>
**Sent:** Thursday, December 03, 2020 10:58 AM
**To:** Jones, Marc <JonesMarc@SEC.gov>
**Subject:** Re: SEC v. Navellier - Motion to Strike

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Marc
They aren't "new" findings of fact and conclusions of law - they are the same ones we submitted on November 13 th in response to yours. They are just stand alone findings so the judge can have a clean set to sign. I'm assuming your real motivation is to try to file a sur-sur reply to make more imaginary arguments. So if you want to waste everyone's time and money with another meritless motion go ahead and I'll let the Court know what you are up to.

Sam

Sent from my iPhone

On Dec 3, 2020, at 6:32 AM, Jones, Marc <JonesMarc@sec.gov> wrote:

2

**samuel.kornhauser@gmail.com**

| | |
|---|---|
| **From:** | samuel.kornhauser@gmail.com |
| **Sent:** | Thursday, December 3, 2020 12:21 PM |
| **To:** | JonesMarc@SEC.gov |
| **Cc:** | 'Samuel Kornhauser' |
| **Subject:** | SEC v. Navellier |

Marc,

They aren't "new" findings and you know it. Your implication that something "different" has been added is flat out wrong and you know it. Just more of your misdirection. The November 13, 2020 and December 1, 2020 Findings #1 are the same. Both cite *SEC v. Mapp*. The December 1, 2020 Finding #1 after separating the November 13 finding breaks the rest of it up into separate findings. Nothing changed.

I filed the stand alone findings so the Court would have a stand alone set from Defendants which she could more easily sign, edit or revise rather than try to cull through the combined, sometimes repetitive, findings filed on November 13, 2020.

The finding were trimmed to avoid duplication and were lifted from the November 13, 2020 finding and some were consolidated to avoid duplications, but there is no "new" matter.

Sam

1