UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>NAVELLIER & ASSOCIATES, INC. and<br>LOUIS NAVELLIER,<br>    Defendants. | Case No. 17-cv-11633-DJC |

**PLAINTIFF'S NOTICE OF CHANGE IN STATUTE OF LIMITATIONS RELATING TO COMMISSION'S PROPOSED DISGORGEMENT FINDINGS AND REQUEST FOR SCHEDULE FOR AMENDED REMEDIES BRIEFING**

Plaintiff Securities and Exchange Commission hereby notifies the Court of a change in the statute of limitations on disgorgement claims applicable to this case, and requests the Court permit the amendment of the parties' remedies briefing to incorporate this change.

On January 1, 2021, Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") was amended. The amendment adds new language to Section 21(d), altering the limitations period applicable to the Commission's claims for disgorgement and other equitable relief, extending the statute of limitations period applicable to this case to ten years. This change:

(1) alters the amount of money that should be disgorged from Defendants to include revenues and expenses from 2010 and 2011 (currently only a portion of 2011 is included in the Commission's calculations); and,

(2) further invalidates Defendants' argument that only fees paid by clients who signed up after the statute of limitations date are disgorgeable (ECF No. 344 at 7, ECF 343-1 (Kahrs Report) at ¶¶ 21, 23, & Schedule 3).

Thus, the Commission seeks leave to amend its remedies briefing by January 18, 2021, and requests the Court require Defendants to file by February 1 any amendments to their briefing

relating to the change in the statute of limitations. Defendants do not assent to this briefing schedule and have requested four weeks to file their amended briefs (February 15).

## CHANGE IN STATUTE OF LIMITATIONS

On January 1, 2021, Congress passed into law the National Defense Authorization Act for Fiscal Year 2021 (House Bill 6395) over the President's veto. Section 6501 of the Act was titled "Investigations and Prosecution of Offenses for Violations of the Securities Laws" and amended Section 21(d) of the Exchange Act [15 U.S.C. 78u(d)]. The full text of Section 6501 of House Bill 6395 is set forth below in Appendix 1. Congress expressly made the amendment applicable to any action brought by the Commission then pending. *See* Section 6501(b). Thus, the amendment applies here. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 226-227 (1995) ("When a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal … and must alter the outcome accordingly.")

Notably, the amendment:

- creates a 10-year limitations period for claims of equitable relief, including for an injunction [new Section 21(d)(8)(B) of the Exchange Act]; and,

- sets a 10-year limitations period for the Commission to seek disgorgement for claims requiring scienter, such as violations of Section 206(1) of the Advisers Act [new Section 21(d)(8)(A)(ii)].

The ten-year limitations period for disgorgement related to scienter-based violations and/or equitable remedies applies to the Advisers Act Section 206 claim against Defendants, and includes the entire time period when Defendants were marketing Vireo AlphaSector strategies and enrolling clients in those strategies.

## CONCLUSION

Because of the change to the statute of limitations for disgorgement claims applicable to this case and the remedies briefing currently under advisement by this Court, the Commission:

(1) seeks leave to amend its remedies briefing (including its memorandum, proposed findings, and affidavits, if necessary) to reflect the change to the law and the results of that change to the Commission's disgorgement claim; and,

(2) requests this Court set January 18, 2021 as the deadline for the Commission to amend its briefing (ECF Nos. 340, 340-1 through 340-4, 346), and February 1, 2021 as the deadline for Defendants to amend their briefing (ECF Nos. 343, 343-1, 344, 347) if they wish.

Dated:  January 12, 2021                    Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

/s/   Marc J. Jones
Marc J. Jones (Mass. Bar No. 645910)
Jennifer A. Cardello (Mass. Bar No. 657253)
William J. Donahue (Mass. Bar No. 631229)
Robert B. Baker (Mass. Bar No. 654023)

Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-8947 (Jones direct)
(617) 573-4590 (fax)
JonesMarc@sec.gov

**CERTIFICATE OF SERVICE**

I certify that on January 12, 2021, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing.

Dated: January 12, 2021                    */s/* Marc J. Jones

**LOCAL RULE 7.1 CERTIFICATION**

I certify that counsel for the parties have conferred in good faith and attempted to resolve or narrow the issues presented herein, but have been unable to do so.

Dated: January 12, 2021                    */s/* Marc J. Jones

# **APPENDIX 1**

**SEC. 6501. INVESTIGATIONS AND PROSECUTION OF OFFENSES FOR VIOLATIONS OF THE SECURITIES LAWS.**

(a) IN GENERAL.—Section 21(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78u(d)) is amended—
    (1) in paragraph (3)—
        (A) in the paragraph heading—
            (i) by inserting "CIVIL" before "MONEY PENALTIES"; and
            (ii) by striking "IN CIVIL ACTIONS" and inserting "AND AUTHORITY TO SEEK DISGORGEMENT";
        (B) in subparagraph (A), by striking "jurisdiction to impose" and all that follows through the period at the end and inserting the following: "jurisdiction to—
            "(i) impose, upon a proper showing, a civil penalty to be paid by the person who committed such violation; and
            "(ii) require disgorgement under paragraph (7) of any unjust enrichment by the person who received such unjust enrichment as a result of such violation."; and
        (C) in subparagraph (B)—
            (i) in clause (i), in the first sentence, by striking "the penalty" and inserting "a civil penalty imposed under subparagraph (A)(i)";
            (ii) in clause (ii), by striking "amount of penalty" and inserting "amount of a civil penalty imposed under subparagraph (A)(i)"; and
            (iii) in clause (iii), in the matter preceding item (aa), by striking "amount of penalty for each such violation" and inserting "amount of a civil penalty imposed under subparagraph (A)(i) for each violation described in that subparagraph";
    (2) in paragraph (4), by inserting "under paragraph (7)" after "funds disgorged"; and
    (3) by adding at the end the following:
"(7) DISGORGEMENT.—In any action or proceeding brought by the Commission under any provision of the securities laws, the Commission may seek, and any Federal court may order, disgorgement.
    "(8) LIMITATIONS PERIODS.—
        "(A) DISGORGEMENT.—The Commission may bring a claim for disgorgement under paragraph (7)—
            "(i) not later than 5 years after the latest date of the violation that gives rise to the action or proceeding in which the Commission seeks the claim occurs; or
            "(ii) not later than 10 years after the latest date of the violation that gives rise to the action or proceeding in which the Commission seeks the claim if the violation involves conduct that violates—
                "(I) section 10(b);
                "(II) section 17(a)(1) of the Securities Act of 1933 (15 U.S.C. 77q(a)(1));
                "(III) section 206(1) of the Investment Advisers Act of 1940 (15 U.S.C. 80b–6(1)); or
                "(IV) any other provision of the securities laws for which scienter must be established.
        "(B) EQUITABLE REMEDIES.—The Commission may seek a claim for any equitable remedy, including for an injunction or for a bar, suspension, or cease and desist order, not later than 10 years after the latest date on which a violation that gives rise to the claim occurs.
        "(C) CALCULATION.—For the purposes of calculating any limitations period under this paragraph with respect to an action or claim, any time in which the person against which the action or claim, as applicable, is brought is outside of the United States shall not count towards the accrual of that period.
    "(9) RULE OF CONSTRUCTION.—Nothing in paragraph (7) may be construed as altering any right that any private party may have to maintain a suit for a violation of this Act."

(b) APPLICABILITY.—The amendments made by subsection (a) shall apply with respect to any action or proceeding that is pending on, or commenced on or after, the date of enactment of this Act.