UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>NAVELLIER & ASSOCIATES, INC., and LOUIS NAVELLIER,<br><br>　　　　　　Defendants. | Civil Action No. 17-cv-11633 |

**DEFENDANTS' NOTICE OF INTENT TO MOVE TO STRIKE SEC'S IMPROPER REQUEST TO SCHEDULE "AMENDED REMEDIES BRIEFING" (DKT#351)**

　　　　Defendants preliminarily object on procedural grounds to the SEC filing a motion (DKT#351) to reopen the SEC's motion for findings of fact and conclusions of law as to the "disgorgement" remedy (DKT#295). That SEC motion for disgorgement findings of fact and conclusions of law was fully briefed and submitted for decision on December 2, 2020 pursuant to Local Rule 7.1 and this Court's scheduling order (DKT#332). The record was set as of December 2, 2020 when the SEC motion was submitted for decision. The SEC should not be

allowed to reopen, further argue or submit additional or amended memoranda, findings, affidavits or other pleadings a month after the matter has been under submission.

      This Court should decide the remedies motion (DKT#340) based on the briefs, record and law when the matter was submitted on December 2, 2020.

      Defendants hereby notify the Court by this memorandum that they preliminarily object to the SEC's attempt the again reopen the briefing, for a further round of briefing on a motion that has already been fully briefed and has been under submission for over a month, particularly based on a recently enacted piece of legislation which unconstitutionally purports to retroactively extend the statute of limitations. *Landgraf v. USI Film Products* 511 U.S. 244, 266-267 (1994).

      Defendants' January 12, 2021 motion/brief (DKT#351) was improperly filed without authority and in contravention of this Court's briefing schedule (DKT#332).

      Defendants will timely file pursuant to Local Rule 7.1 their motion to strike/opposition to the SEC's motion for further briefing (DKT#351) on procedural grounds (not on the "merits" of the unconstitutionality of a purportedly retroactive statute of limitations) by January 25, 2021.

      If this Court does not rule based on the record as presently under submission, or denies Defendants' to-be-filed motion to strike or objections to SEC's proposed, out-of-time additional memorandum, (it shouldn't for the reasons to be stated in Defendants' motion to strike or opposition) then Defendants request that the Court set a briefing schedule that allows Defendants four (4) weeks from the SEC's filing of a "merits" brief to file their opposition on the merits, because of the SEC's unexpected, unauthorized request, Defendants' current calendar and previously pending matters, and the highly disruptive effects COVID has had on Defendants,

their counsel's and their staff's ability to return to their offices, conduct research, retrieve files and information, and prepare and file pleadings and declarations.

|  |  | Respectfully Submitted, |
|---|---|---|
| Dated: January 15, 2021 | By: | */s/SamueLKornhauser*_____ |

Samuel Kornhauser
Law Offices of Samuel Kornhauser
155 Jackson Street, Suite 1807
San Francisco, CA
(415) 981-6281
skornhauser@earthlink.net

BROOKS & DeRENSIS

111 Devonshire Street, Suite 800

Boston, MA 02109
(857) 259-5200
sbrooks@bdboston.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this day of January 15, 2021

By: /s/ Dan Cowan
Dan Cowan
