UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NAVELLIER & ASSOCIATES, INC., and LOUIS NAVELLIER,<br><br>　　　　Defendants. | Civil Action No. 1:17-cv-11633 |

# DEFENDANTS' MOTION TO STRIKE SEC'S UNAUTHORIZED NOTICE OF CHANGE IN STATUTE OF LIMITATIONS AND REQUEST FOR SCHEDULE FOR AMENDED REMEDIES BRIEFING (DKT#351)

　　Defendants hereby move to strike and oppose the SEC's unauthorized notice of change in statute of limitations and request to schedule amended disgorgement briefing (DKT#351).

　　The supplemental briefing (after remand for findings of fact and conclusions of law in light of *Liu v. SEC* 140 S. Ct. 1936 (2020) was completed on November 30, 2020 (DKT#'s 332, 347, 348). There was no motion and no order to allow the SEC to file any additional briefing and

clearly no order to allow the SEC to file its brief on "notice" of change in statute of limitations (DKT#351) or its amended brief on disgorgement remedies (DKT#353). Both of the SEC's filings (DKT#351 and #353) should be stricken as being in violation of Local Rule 7.1(b)(3), which provides that all other papers other than motion and opposition pleadings, such as "a reply brief or otherwise may be submitted *only with leave of Court*."

The SEC has violated Local Rule 7.1(b)(3) by purporting to file without leave of Court, and in violation of the briefing schedule, two additional briefs (DKT#351 and 353), seeking to argue that the statute of limitations for its "disgorgement remedies" in 10 years rather than 5 years. The briefing schedule ordered for disgorgement remedies was ordered to be completed by November 30, 2020 (DKT#332). There was no leave of Court allowing the SEC to file its notice regarding a "new statute of limitations for disgorgement" (DKT#351) nor was there any leave of Court allowing the SEC to file an additional amended brief on disgorgement remedies (DKT#353) six weeks after the proposed findings on disgorgement remedies had been submitted for decision. Therefore, the SEC's briefs (DKT#351 and 353) should be stricken and the "disgorgement remedies" decided on the record and briefs previously submitted.

If the Court does allow the SEC to submit its additional briefing (it shouldn't, since the SEC's requested retroactive application of a 10 year statute of limitations is frivolous and meritless as an unconstitutional violation of due process. *Landgraf v. USI Film Products* 511 U.S. 244, 266-267 (1994); *Usery v. Turner Elkhorn Mining Co.* 428 U.S. 1, 17 (1976); *Bank Markazi v. Peterson* 136 S. Ct. 1310, 1325 (2016)), then Defendants should be allowed four weeks to oppose the SEC's additional briefing to show that the SEC's claim for retroactive application of a 10 year statute of limitations (DKT#351) is erroneous and meritless and to

oppose the SEC's meritless attempt to seek "amended, increased and unfounded" disgorgement (DKT#353).

Respectfully submitted,

DATED: January 25, 2021

LAW OFFICES OF SAMUEL KORNHAUSER

By:/s/ Samuel Kornhauser

Samuel Kornhauser, Esq.

CA Bar No. 83528

Law Offices of Samuel Kornhauser

155 Jackson Street, Suite 1807

San Francisco, California, 94111

Telephone: (415) 981-6281

Email: skornhauser@earthlink.net

Attorneys for Defendants

BROOKS & DeRENSIS

111 Devonshire Street, Suite 800

Boston, MA 02109

Telephone: (857) 259-5200

Email: sbrooks@bdboston.com

## **CERTIFICATE OF SERVICE**

I certify that on January 25, 2021, a copy of the foregoing was electronically filed through the ECF system and will be sent electronically to all persons identified in the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

Dated: January 25, 2021                                                                /s/ Dan Cowan
                                                                                                        Dan Cowan